VENABLE LLP
Daniel S. Silverman (SBN 137864)
dssilverman@venable.com
Bryan J. Weintrop (SBN 307416)
bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

VENABLE LLP
Amit Rana (SBN 291912)
arana@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.673.3750
Facsimile: 415.653.3755

*Attorneys for Defendants*
Thang Botanicals, Inc. and FTLS Holdings, LLC
d/b/a 7ΩHMZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

M.A., A.S., N.A., and J.R., individually and on behalf of all others similarly situated

Plaintiffs,

v.

THANG BOTANICALS, INC., and FTLS HOLDINGS LLC, collectively doing business as 7ΩHMZ, and DOES 1-10, inclusive,

Defendants.

Case No. 3:24-cv-07029-TLT

Hon. Trina L. Thompson

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND TO STRIKE NATIONWIDE CLASS ALLEGATIONS PURSUANT TO FED. R. CIV. P. 12(b)(1), 12(b)(6) AND 12(f)**

Hearing Date: April 1, 2025
Time: 2:00 p.m.
Courtroom: 9-19th Floor

Action Filed: October 7, 2024
Trial Date: None

VENABLE LLP
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT on April 1, 2025, at 2:00 p.m. in Courtroom 9—19th Floor of the above-captioned court, located 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as counsel may be heard, Defendants Thang Botanicals, Inc. and FTLS Holdings, LLC d/b/a 7ΩHMZ (collectively "Defendants") will and hereby do move to dismiss and/or strike Plaintiffs' claims and allegations as follows:

Defendants hereby move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiffs' claims for injunctive relief because Plaintiffs lack Article III standing to assert such claims.

Defendants further move to dismiss each of Plaintiffs' claims under California's Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), Oregon's Unlawful Trade Practices Act ("OUTPA"), Nevada's Deceptive Trade Practices Act ("NDTPA"), and their common law claims breach of implied warranty, unjust enrichment, and fraud by omission for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants further move to dismiss or strike Plaintiffs' putative nationwide class allegations pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(f) because Plaintiffs lack standing to assert claims under the common laws of states with which they have no connection, California lacks significant contacts with the claims of each class member, and conflict of law principles preclude certification of a nationwide class.

This motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the papers and records on file in this action, and any other matter the Court may consider.

Respectfully Submitted,

Dated: January 8, 2025

VENABLE LLP

By: */s/ Daniel Silverman*
Daniel S. Silverman
Bryan J. Weintrop
Amit Rana

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. FACTUAL ALLEGATIONS AND FACTS SUBJECT TO JUDICIAL NOTICE ........ 3

A. Plaintiffs Falsely Allege Non-Disclosure Of Potential Addictiveness ........ 3

B. Defendants Did Not Make The Misrepresentations Alleged By Plaintiffs ........ 4

C. Kratom's Potential Addictiveness Is Widely Known ........ 5

D. Each Of Plaintiffs' Causes Of Action Fail ........ 6

III. LEGAL STANDARD ........ 7

IV. ARGUMENT ........ 7

A. Plaintiffs Lack Article III Standing To Seek Injunctive Relief ........ 7

B. Plaintiffs' Consumer Protection Statute Claims Must Be Dismissed Because Plaintiffs Cannot Allege Deception To A Reasonable Consumer Given The Label And Website Disclaimer Warning Disclose The Product's Health Risks, Including A Risk Of Addiction ........ 9

C. Plaintiff's Consumer Protection Statute Claims Must Be Dismissed To The Extent They Are Based On Representations Not Made By Defendants ........ 12

D. Defendants' UCL, CLRA, and FAL Claims Fail Because They Were Not Under A Duty To Disclose But In Any Event Abided By Any Purported Duty ........ 13

1. Defendants Lacked Exclusive Knowledge Of Potential Addictiveness 13

2. Defendants Disclosed The Potential Health Harm, Including Addictiveness, Of The Product ........ 14

E. Plaintiff's FAL Claim Fails Because It Cannot Be Based On An Omission ........ 15

F. Plaintiffs' Breach of Implied Warranty Claim Fails ........ 15

G. Plaintiffs' Unjust Enrichment Claim Fails ........ 17

H. Plaintiffs' Fraud By Omission Claim Fails ........ 17

I. The Court Should Dismiss or Strike Plaintiffs' Nationwide Class Allegations 18

1. Plaintiffs Lack Standing To Assert Claims Under the Common Laws of States With Which They Have No Connection ........ 18

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

2. California Lacks Significant Contacts With Each Class Member's Claims ........ 19

3. Conflict of Law Principles Preclude a Nationwide Class ........ 20

4. The Class Allegations Should Be Stricken Now ........ 24

V. CONCLUSION ........ 25

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Andren v. Alere, Inc.*, No. 16-CV-1255-GPC(AGS), 2017 WL 6509550 (S.D. Cal. Dec. 20, 2017)........................20

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................7

*Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753 (9th Cir. 2015)........................17, 21

*Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d 1317 (S.D. Cal. 2019)........................16, 18

*Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-CV-05984-RGK-AS, 2020 WL 4390371 (C.D. Cal. July 28, 2020)........................22

*Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007)........................7

*Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225 (9th Cir. 2019)........................9

*Bell Atl. Corp. v. Twombly*, 500 U.S. 554 (2007)........................14

*Bias v. Wells Fargo & Co.*, 312 F.R.D. 528 (N.D. Cal. 2015)........................21

*Bober v. Glaxo Wellcome PLC*, 246 F.3d 934 (7th Cir. 2001)........................11

*Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531 (9th Cir. 2016)........................12

*Brown v. Madison Reed, Inc.*, 622 F.Supp.3d 786 (N.D. Cal. 2022)........................14

*Callaghan v. BMW of N. Am., LLC*, No. 13-CV-04794-JD, 2014 WL 6629254 (N.D. Cal. Nov. 21, 2014)........................17, 21

*In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051 (N.D. Cal. 2015)........................17, 21, 23, 24

*Cetacean Cmty. v. Bush*, 386 F.3d 1169 (9th Cir. 2004)........................7

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Clevenger v. Welch Foods, Inc.*,
501 F. Supp. 3d 875 (C.D. Cal. 2020) ....................9

*Corcoran v. CVS Health Corp.*,
No. 15-CV-3504 YGR, 2016 WL 4080124 (N.D. Cal. July 29, 2016) ....................19

*Cordes v. Boulder Brands USA, Inc.*,
No. CV 18-6534, 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ....................8, 9

*Cover v. Windsor Surry Co.*,
No. 14-CV-05262-WHO, 2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ....................21, 25

*Darisse v. Nest Labs, Inc.*,
No. 5:14-CV-01363-BLF, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) ....................22

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ....................7, 8

*Dearmey v. Hawaiian Isles Kona Coffee Co.*,
2019 WL 6723413 (C.D. Cal. July 22, 2019) ....................22

*Dorris v. Danone Waters of Am.*,
No. 22 CIV. 8717 (NSR), 2024 WL 4792048 (S.D.N.Y. Nov. 14, 2024) ....................11

*Drake v. Haier US Appliance Sols. Inc.*,
No. 23-CV-00939-AMO, 2024 WL 590597 (N.D. Cal. Feb. 13, 2024) ....................13, 15, 16

*Fenerjian v. Nongshim Co.*,
72 F. Supp. 3d 1058 (N.D. Cal. 2014) ....................19

*Freedline v. O Organics*,
No. 19-CV-01945-JD, 2020 WL 6290352, (N.D. Cal. Oct. 27, 2020) ....................20, 24, 25

*Frenzel v. AliphCom*,
76 F. Supp. 3d 999 (N.D. Cal. 2014) ....................21, 25

*Frezza v. Google, Inc.*,
No. 5:12-CV-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 23, 2013) ....................25

*Gonzales v. Nat. Factors Nutritional Prod. Inc.*,
No. 2:24-CV-02584-DSF-AS, 2024 WL 4609853 (C.D. Cal. June 28, 2024) ....................9

*Hedrick v. BSH Home Appliance Corp.*,
Nos. 8:23-cv-00358 JWH JDE, 2:23-cv-04752-JWH-JDE, 5:23-cv-01496-JWH-JDE, 2024 WL 2190984 (C.D. Cal. May 14, 2024) ....................15

*Hodsdon v. Mars, Inc.*,
891 F.3d 857 (9th Cir. 2018) ....................13

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Johnson v. Nissan N. Am., Inc.*,
272 F. Supp. 3d 1168 (N.D. Cal. 2017) ....19

*Jones v. Micron Tech. Inc.*,
400 F. Supp. 3d 897 (N.D. Cal. 2019) ....18

*Joslin v. Clif Bar & Co.*,
No. 4:18-CV-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ....9

*Julian v. TTE Tech., Inc.*,
No. 20-CV-02857-EMC, 2020 WL 6743912 (N.D. Cal. Aug. 26, 2019) ....23, 24

*Kulp v. Munchkin, Inc.*,
678 F. Supp. 3d 1158 (C.D. Cal. 2023) ....15

*Larsen v. Vizio, Inc.*,
No. SACV 14-1865-CJC, 2015 WL 13655757 (C.D. Cal. Apr. 21, 2015) ....22

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ....7

*Marsh v. First Bank of Del.*,
No. 11-CV-05226-WHO, 2014 WL 554553 (N.D. Cal. Feb. 7, 2014) ....20

*Matic v. United States Nutrition, Inc.*,
No. CV-18-9592-PSG, 2019 WL 3084335 (C.D. Cal. Mar. 27, 2019) ....9

*Mazza v. Am. Honda Motor Co., Inc.*,
666 F.3d 581 (9th Cir. 2012) ....20, 21, 23, 24

*McCausland v. PepsiCo, Inc.*,
No. 23-CV-04526-PCP, 2024 WL 3834389 (N.D. Cal. Aug. 14, 2024) ....9

*McGinity v. Procter & Gamble Co.*,
69 F.4th 1093 (9th Cir. 2023) ....10

*Nguyen v. Cree, Inc.*,
No. 3:18-cv-02097-SB, 2019 WL 7879879 (D. Or. Nov. 6, 2019) ....9

*In re Packaged Seafood Prods. Antitrust Litig.*,
242 F. Supp. 3d 1033 (S.D. Cal. 2017) ....17

*Phan v. Sargento Foods, Inc.*,
2021 WL 2224260 (N.D. Cal. June 2, 2021) ....19

*Phillips Petroleum Co. v. Shutts*,
472 U.S. 797 (1985) ....20

*In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*,
2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) ....17

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*SBC Berlin 2012-2014, Ltd. v. Babywatch, Inc.*,
No. 18-cv-07611-EDL, 2019 WL 13203776 (N.D. Cal. Oct. 10, 2019) ....14

*Seldin v. HSN, Inc.*,
No. 17-CV-2183-AJB-MDD, 2018 WL 3570308 (S.D. Cal. July 25, 2018) ....12

*Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*,
No. 22-CV-03603-TLT, 2023 WL 2324291 (N.D. Cal. Feb. 16, 2023)....8, 18, 24

*Soo v. Lorex Corp.*,
No. 20-CV-01437-JSC, 2020 WL 5408117 (N.D. Cal. Sept. 9, 2020) ....19

*In re Static Random Access Memory Antitrust Litig.*,
580 F. Supp. 2d 896 (N.D. Cal. 2008) ....16, 18

*Stewart v. Kodiak Cakes, LLC*,
537 F. Supp. 3d 1103 (N.D. Cal. 2021) ....19, 25

*Stitt v. Citibank*,
No. 12-CV-03892-YGR, 2015 WL 9177662 (N.D. Cal. Dec. 17, 2015) ....21

*Swearingen v. Healthy Beverage, LLC*,
No. 13-CV-04385-EMC, 2017 WL 1650552 (N.D. Cal. May 2, 2017)....10, 11

*Tatum v. Talking Rain Beverage Co., Inc.*,
No. 3:22-cv-03525-TLT, ECF No. 28 (N.D. Cal. Dec. 5, 2022)....19

*Tidwell v. Thor Indus., Inc.*,
No. 05-CV-2088-L (BLM), 2007 WL 8083631 (S.D. Cal. Mar. 26, 2007) ....20

*Tomasella v. Nestle USA, Inc.*,
962 F.3d 60 (1st Cir. 2020)....11

*In re Trader Joe's Co. Dark Chocolate Litig.*,
726 F. Supp. 3d 1150 (S.D. Cal. 2024)....15

*United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
74 F. Supp. 3d 1052 (N.D. Cal. 2014) ....19

*Van Mourik v. Big Heart Pet Brands, Inc.*,
No. 3:17-CV-03889-JD, 2018 WL 1116715 (N.D. Cal. Mar. 1, 2018)....17, 18, 25

*Vinci v. Hyundai Motor Am.*,
No. SACV170997DOCKESX, 2018 WL 6136828 (C.D. Cal. Apr. 10, 2018)....22

*Vitiosus v. Alani Nutrition, LLC*,
No. 21-CV-2048-MMA (MDD), 2022 WL 2441303 (S.D. Cal. July 5, 2022).... *passim*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Walcoff v. Innofoods USA, Inc.*,
No. 22-CV-1485-MMA (AHG), 2023 WL 3262940 (S.D. Cal. May 4, 2023) ........................9

*Whiteside v. Kimberly Clark Corp.*,
108 F.4th 771 (9th Cir. 2024) ........................9, 10

*Zinser v. Accufix Research Inst., Inc.*,
253 F.3d 1180 (9th Cir. 2001) ........................20, 23

**California Cases**

*Daugherty v. Am. Honda Motor Co., Inc.*,
144 Cal. App. 4th 824 (2006) ........................13

*Hauter v. Zogarts*,
14 Cal. 3d 104 (1975) ........................16

*Hernandez v. Burger*,
102 Cal. App. 3d 795 (1980) ........................24

*Kwikset Corp. v. Sup. Ct.*,
51 Cal.4th 310 (2011) (UCL)........................12

*LiMandri v. Judkins*,
52 Cal. App. 4th 326 (1997) ........................13

*McCann v. Foster Wheeler LLC*,
48 Cal. 4th 68 (2010) ........................23

*Mocek v. Alfa Leisure, Inc.*,
114 Cal. App. 4th 402 (2003) ........................16

*Shaeffer v. Califia Farms, LLC*,
44 Cal. App. 5th 1125 (2020) ........................12

**Other State Cases**

*Angelini v. Delaney*,
966 P.2d 223 (Or. 1998) ........................22

*Dolezal v. City of Cedar Rapids*,
326 N.W.2d 355 (Iowa 1982) ........................22

*Domke v. Alyeksa Pipeline Serv. Co.*,
137 P.3d 295 (Alaska 2006)........................22

*Drozeck v. Lawyers Title Ins. Corp.*,
749 N.E.2d 775 (Ohio Ct. App. 2000)........................22

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Minyard v. Curtis Prods., Inc.*,
205 So.2d 422 (La. 1967) ....................22

*Nitrini v. Feinbaum*,
501 P.2d 576 (Ariz. App. Div. 1972) ....................22

*Poole v. Nev. Auto Dealership Invs., LLC*,
135 Nev. 280 (Nev. App. 2019) ....................9

*Suburban Motors of Grafton, Inc. v. Forester*,
396 N.W.2d 351 (Wis. Ct. App. 1986) ....................22

**Federal Statutes**

21 U.S.C. §§ 811(a), 812(b) ....................6

California's Unfair Competition Law .................... *passim*

Consumer Legal Remedies Act .................... *passim*

Controlled Substances Act ....................6

False Advertising Law .................... *passim*

Nevada's Deceptive Trade Practices Act ....................2, 7, 9

Oregon's Unlawful Trade Practices Act ....................2, 7, 9

**California Statutes**

Cal. Bus. & Prof. Code § 17500 ....................15

Cal. Com. Code § 2314(1) ....................16

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ....................7

Fed. R. Civ. P. 12(b)(6) ....................7, 25

NATIONAL INSTITUTE ON DRUG ABUSE (Feb. 1, 2024), available at
https://nida.nih.gov/about-nida/noras-blog/2024/02/50-years-after-founding-nida-urges-following-science-to-move-beyond-stigma ....................5, 6

U.S. Constitution Article III .................... *passim*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' claims are fundamentally based on the false premise that Defendants Thang Botanicals, Inc. and FTLS Holdings, LLC d/b/a 7ΩHMZ[1] (collectively "Defendants") purportedly failed to disclose that their kratom-based product, 7-OH/7-OHMZ, sold in both one and three pack varieties (the "Product"), is potentially addictive. Plaintiffs' Complaint, however, conspicuously fails to mention that the front of the Product's labels contains a link to Defendants' website and the back labels contain an express disclaimer which states that "**THIS PRODUCT MAY BE HARMFUL TO YOUR HEALTH**" and also expressly instructs consumers to "REVIEW THE FULL DISCLAIMER WARNING PRIOR TO USE: VISIT HTTPS://7OHMZ.COM/DISCLAIMER." Request for Judicial Notice ("RJN"), Exs. A-D (emphasis added). Significantly, while Plaintiffs acknowledge the existence of the website disclaimer warning in their Complaint (Compl. ¶ 55), they fail to disclose to the Court that the disclaimer warning expressly states, among other serious health warnings, that: "Some publications suggest that kratom may be associated with serious side effects such as seizures, liver damage, withdrawal, ***addiction***, abuse and death." RJN, Ex. E (emphasis added). As such, Plaintiffs tacitly admit that the very information which gives rise to their claims of a purported fraudulent omission was, in fact, disclosed to them at the time of purchase. Plaintiffs' claims should be dismissed due to this fundamental misrepresentation and myriad other reasons. To wit:

First, Plaintiffs lack Article III standing to pursue injunctive relief because they now know that the Product is potentially addictive and that the information necessary to make that determination was disclosed on the Product's labels and associated website disclaimer warning at the time of purchase such that there is no threat of future deception.

Second, Plaintiffs' consumer protection act claims under California's Unfair Competition Law ("UCL"), Consumer Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"),

[1] FTLS Holdings, LLC d/b/a 7ΩHMZ is merely a holding company for the 7ΩHMZ trademark and does not package, advertise or sell the Product.

Oregon's Unlawful Trade Practices Act ("OUTPA") and Nevada's Deceptive Trade Practices Act ("NDTPA") fail for multiple reasons: (1) Plaintiffs' cannot establish deception to a reasonable consumer because, as described above and herein, the Product's labels specifically warned consumers to review the website disclaimer warning prior to use, and that disclaimer warning specifically informed consumers of the potentially addictive properties of the Product at the time of purchase; (2) three of the four named Plaintiffs allege that they relied in making their purchasing decisions on representations about the lack of addictive properties of the Product which were allegedly made by third parties, as opposed to representations or omissions by Defendants on the Product labels or website; (3) Defendants were under no duty to disclose the potentially addictive nature of the Product because they did not possess "exclusive knowledge" of its addictive properties, but nonetheless complied with any such duty given the disclosures on the Product labels and website; and (4) Plaintiffs' FAL claim fails because it cannot be based on an omission as a matter of law.

Third, Plaintiffs breach of implied warranty claims fail because: (1) the Product labels and website disclaimer apprised consumers of the potentially addictive nature of the Product; (2) Plaintiffs do not allege the Product was unfit for its ordinary and intended purpose; and (3) Plaintiffs fail to allege which state laws apply to this claim.

Fourth, Plaintiffs' claim for unjust enrichment fails because: (1) Plaintiffs do not identify which state laws apply; and (2) unjust enrichment claims are not cognizable in California.

Fifth, Plaintiffs' claim for fraud by the omission fails because: (1) again, Defendants disclosed the potentially addictive nature of the Product on the labels and website; and (2) Plaintiffs fail to allege which state laws apply.

Finally, assuming, *arguendo*, Plaintiffs possess standing or have otherwise stated a claim, Plaintiffs' nationwide class allegations should be stricken because Plaintiffs lack standing to assert claims under the common laws of states with which they have no connection, California lacks significant contacts with the claims of each class member, and conflict of law principles preclude certification of a nationwide class.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## II. FACTUAL ALLEGATIONS AND FACTS SUBJECT TO JUDICIAL NOTICE

### A. Plaintiffs Falsely Allege Non-Disclosure Of Potential Addictiveness

Plaintiffs' claims are based on the false premise that Defendants purportedly failed to disclose the potentially addictive properties of the Product, which is a kratom-based product, at the time of purchase. Compl. ¶ 9. However, full and accurate depictions of the Product's front and back label[2] and website disclaimer, which are subject to judicial notice, demonstrate that, contrary to the allegations of the Complaint, Defendants disclosed at the time of purchase information regarding the Product's potential harm to consumers' health and the potentially addictive properties of the Product. *Compare* Compl. ¶¶ 63-64 (alleging that Plaintiff M.A. "observed that the packaging did not mention any risks of potential harm" and that Plaintiff A.S. "purchased it without seeing any risk on the packaging") *with* RJN Exs. C-D (back of product packaging explicitly containing health warning). For example, and as admitted in the Complaint, the front of the Product label provides a link to Defendants' website where consumers can view additional information about the Product, including the website disclaimer. *See* Compl. ¶¶ 46, 50. If that were not enough, the back labels of both the one-pack and three-pack of the Product also contain the following disclaimer which directs consumers to review the full disclaimer warning on Defendants' website prior to use:




RJN, Ex. A & B (highlighting added).

In fact, Plaintiffs' Complaint acknowledges in other places the presence of the label disclaimer and that "the warning directs consumer to a legal disclaimer on Defendants' website" prior to use. Compl. ¶ 55. The Complaint is also replete with other references to the content on

[2] Significantly, the Complaint fails to show photographs of the back label.

Defendants' website, which Plaintiffs attempt to characterize as misleading. *See id.* ¶¶ 44-45, 51-52. However, the Complaint conspicuously fails to inform the Court of the content of the website disclaimer which warns consumers of the potential addictiveness of the Product:

> **DISCLAIMER**
>
> 7OHMZ
>
> 7OHMZ Product Disclaimer.
>
> **Do not use this product if the seal is broken.**
>
> **WARNING:**
>
> The levels of mitragynine and other alkaloids in this kratom extract are many times higher than what is contained in fresh kratom leaves, thus increasing the potency of this extract. Please act accordingly and proceed with extreme caution. As with all kratom products, do not use this product without first consulting your doctor. Using Mitragyna Speciosa can be dangerous. Adverse health effects have been reported with the use of kratom products. [Some publications suggest that kratom may be associated with serious side effects such as seizures, liver damage, withdrawal, addiction, abuse and death.] Kratom information is available on the FDA website. Read FDA's advisories and comments on product concerns. Do not take kratom extract unless you have taken non-extracted kratom several times in the past and have had no side effects. Do not use this product for more than one consecutive day with or in combination with other kratom products. Mixing Mitragyna Speciosa extracts with pharmaceuticals, vitamins, nicotine, alcohol, herbal supplements, pharmaceuticals or other kratom products; extracts or non-extracts, or combined with other substances may lead to serious drug interactions. It could be dangerous not to follow the advice contained in this disclaimer. Do not use this product if you are pregnant, planning to become pregnant, or breastfeeding. Do not take this product if you have any blood disease, liver or kidney disease, high blood pressure, heart disease, central nervous system disorder, or any other medical condition.
>
> Do not use this product while driving a car or operating heavy machinery. If you experience any side effects, call your doctor right away or seek emergency medical attention.
>
> **DISCLAIMER:**
>
> This product has not been evaluated by the Food and Drug Administration. These statements have not been evaluated by the FDA. This product is considered unsuitable for consumption in the United States by the FDA. By using this product, you assume full responsibility for the use of the product, including without limitation any adverse events or health complications that may result from the use of the product. The manufacturer assumes no liability for the use or misuse of this product.

RJN, Ex. E (bracket added). As such, and contrary to Plaintiffs' allegations, the Product packaging directly instructed Plaintiffs to review the website disclaimer before use, and the website disclaimer informed Plaintiffs of the health risks of use and potential addictiveness of the Product.

### B. Defendants Did Not Make The Misrepresentations Alleged By Plaintiffs

Plaintiffs' allegations also reveal that three of the four named Plaintiffs claim to have relied on representations by third parties, e.g., coworkers and smoke shop employees, regarding the purported lack of addictiveness of the Product, as opposed to purported representations or omissions by Defendants. For example, Plaintiff A.S. alleges that he "first learned about kratom

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

when he worked as a waiter and ***a coworker told him*** it could help with anxiety and make it easier to talk to people, but did not mention any risk." Compl. ¶ 64 (emphasis added). Plaintiff N.A. alleges that "[w]hen he first purchased the Product ***he was told that Defendants' 7- OH Products were a non-addictive***, organic, functional supplement for those seeking to alleviate pain, get sober, or maintain sobriety." *Id.* ¶ 65 (emphasis added). And, Plaintiff J.R. alleges that he first started using the product after "***[h]e was told*** that they would help with his leg pain. J.R. stated he did not want to take anything addictive, but ***he was assured that Defendants' 7-OH Tablets were not addictive***." *Id.* ¶ 66 (emphasis added). As such, Defendants did not make the alleged misrepresentations which these Plaintiffs claim they relied upon in making their purchases.

### C. Kratom's Potential Addictiveness Is Widely Known

Despite the above-mentioned purported misrepresentations made by undisclosed third-parties, Plaintiffs claims are expressly based on Defendants' purported failure to disclose the addictiveness of the Product. *See, e.g., id.* ¶¶ 9, 41, 43, 59-60, 83-86, 91, 94, 105, 117, 133. Notwithstanding, the Complaint acknowledges that the potentially addictive properties of kratom-based products are widely known among consumers. Indeed, Plaintiffs reference that a reddit forum relating to "Quitting Kratom" contains 45,000 members who frequently post regarding the potential addictiveness of kratom based products. Compl. ¶¶ 36-38.

Moreover, judicially noticeable materials from official health regulators, including the World Health Organization, establish the current extent of kratom's known addictive qualities. *See* RJN Exs. F–I. Defendants offer these statements to establish the purported addictive qualities of kratom that Defendants were at least constructively aware of during the relevant period as opposed to for their truth. These materials establish that Plaintiffs' allegation that Defendants knew of kratom's addictive qualities are similar to opioids is false under these publicly available sources.

Kratom products are widely available for purchase and legally sold. The National Institute on Drug Abuse ("NIDA")[3] has studied and is funding studies regarding the permissible uses of

---

[3] NIDA is a federal scientific research institute which is the world's largest biomedical research funder. *See* Dr. Nora Volkow, 50 years after funding, NIDA urges following science to move beyond stigma, NATIONAL INSTITUTE ON

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

kratom, including its potential to treat opioid addiction, as well as its potential adverse effects. RJN, Ex. F. NIDA is part of the U.S. Department of Health and Human Services and operates as one of the institutes comprising the National Institutes of Health. *Id*.

Kratom is not a controlled substance. In 2018, the Food and Drug Administration ("FDA") specifically decided not to recommend to the Drug Enforcement Administration scheduling kratom as a controlled substance.[4] This decision was based on "many factors, in part on new data, and in part on the relative lack of evidence, combined with an unknown and potentially substantial risk to public health if these chemicals were scheduled at this time." RJN, Ex. G.

Further, in December 2021, twelve international experts on substance safety and addiction operating through the Expert Committee on Drug Dependence ("ECDD") at the World Health Organization and the U.S. Commission of Narcotic Drugs unanimously concluded that there was insufficient evidence to recommend a critical international scheduling review of kratom. *See* RJN. Ex. H ("The Committee concluded that there is insufficient evidence to recommend a critical review of kratom. . . . because "[p]eople report using kratom to self-medicate a variety of disorders and conditions, including pain, opioid withdrawal, opioid use disorder, anxiety and depression . . . Kratom is being used as a part of traditional medicine in some countries.")

Formal scientific studies of kratom have only recently been initiated by the FDA. Indeed, as of January 2024, the FDA sought to conduct the first clinical trial "to characterize the abuse potential and subjective effects of botanical Kratom." RJN, Ex. I.

**D. Each Of Plaintiffs' Causes Of Action Fail**

Plaintiffs allege eight causes of action. Specifically, Plaintiffs allege claims on behalf of a putative class of California consumers under the UCL, CLRA and FAL; on behalf of Oregon

DRUG ABUSE (Feb. 1, 2024), available at https://nida.nih.gov/about-nida/noras-blog/2024/02/50-years-after-founding-nida-urges-following-science-to-move-beyond-stigma. NIDA supports and conducts a multitude of preclinical, clinical, and population-level research regarding drug use and health. *Id.* NIDA research in turn supports decision making by public health professionals, researchers, and policymakers. *Id.*

[4] The Controlled Substances Act provides that the "Attorney General may by rule add" to Schedule I any drug if findings are made that "[t]he drug has a ***high potential for abuse***," "[t]he drug or other substance has no currently accepted medical use in treatment in the United States," and that "[t]here is a lack of accepted safety for use of the drug or other substance under medical supervision." 21 U.S.C. §§ 811(a), 812(b) (emphasis added).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

consumers under the OUTPA; on behalf of Nevada consumers under the NDTPA; and on behalf of nationwide classes for their common law claims for breach of implied warranty, unjust enrichment and fraud by the omission. Each of Plaintiffs' claims fail for the reasons below.

## III. LEGAL STANDARD

A motion to dismiss tests a complaint's legal sufficiency. Fed. R. Civ. P. 12(b)(6). A motion to dismiss is granted when the plaintiff fails to state a claim upon which relief can be granted. *Id*. Under Rule 12(b)(6), a complaint must be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 500 U.S. 554, 570 (2007)).

In addition, a party may file a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). An Article III federal court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A suit brought by a plaintiff without Article III standing is not a "case or controversy," such that an Article III federal court lacks jurisdiction. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

## IV. ARGUMENT

### A. Plaintiffs Lack Article III Standing To Seek Injunctive Relief

A plaintiff must demonstrate standing as to each form of relief requested. *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 967 (9th Cir. 2018). To have standing for injunctive relief, the plaintiff must demonstrate that she or he "has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc*., 511 F.3d 974, 985 (9th Cir. 2007) (first quoting *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130; and then quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). The likelihood of further harm requires "a 'real and immediate threat of repeated injury.'" *Id*. (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S. Ct. 669, 38 L.Ed.2d 674 (1974)). The alleged threat cannot be conjectural or hypothetical. *Davidson*, 889 F.3d at 969. Where standing is premised entirely on the threat of repeated injury, Plaintiffs must show a sufficient likelihood that they will be wronged again in a similar way.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Cordes v. Boulder Brands USA, Inc*., No. CV 18-6534, 2018 WL 6714323, at *3 (C.D. Cal. Oct. 17, 2018) *citing Summers v. Earth Island Inst*., 555 U.S. 488, 493 (2009).

Plaintiffs lack Article III standing to pursue injunctive relief because there is no threat of future deception to Plaintiffs because they now know that the Product is potentially addictive, including because the Product labels and referenced website disclosures provide the information necessary for them to determine the potentially addictive properties of the Product. Indeed, courts in this Circuit, including this Court, have held that plaintiffs lack standing to pursue injunctive relief once they are aware of how to determine whether the information they claim is misleading is actually false. For example, in *Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc*., No. 22-CV-03603-TLT, 2023 WL 2324291, at *9 (N.D. Cal. Feb. 16, 2023), this Court dismissed injunctive relief claims given the fact that information on the product label precluded any risk of future deception, holding that, "[u]nlike the plaintiff in *Davidson*, who 'could not easily discover whether a previous misrepresentation had been cured without first buying the product at issue,' . . . Plaintiffs here, being previous purchasers, have 'multiple indicia of information . . .'" to discover the necessary facts before purchasing the product.

So too here, Plaintiffs are likewise able to determine that the Product is potentially addictive because the front of the Product labels contains a link to Defendants' website and the back of the Product labels specifically informed Plaintiffs that "THIS PRODUCT MAY BE HARMFUL TO YOUR HEALTH" and also expressly instructed Plaintiffs to "REVIEW THE FULL DISCLAIMER WARNING PRIOR TO USE: VISIT HTTPS://7OHMZ.COM/DISCLAIMER." RJN, Exs. A-D (capitalization in original). Significantly, the disclaimer on Defendants' website – which language Plaintiffs intentionally omitted from the Complaint – specifically states that "[s]ome publications suggest that kratom may be associated with serious side effects such as seizures, liver damage, withdrawal, ***addiction***, abuse and death." RJN, Ex. E (emphasis added). As such, the information necessary for Plaintiffs to determine the potential addictiveness of the Product was disclosed at the time of purchase such that there is no threat of future deception.

Numerous courts have similarly concluded that a plaintiff's ability to determine whether purportedly deceptive statements are false based on information contained on the product label

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

precludes Article III standing to pursue injunctive relief due to no risk of future deception. *See, e.g., McCausland v. PepsiCo, Inc.*, No. 23-CV-04526-PCP, 2024 WL 3834389, at *10 (N.D. Cal. Aug. 14, 2024); *Gonzales v. Nat. Factors Nutritional Prod. Inc.*, No. 2:24-CV-02584-DSF-AS, 2024 WL 4609853, at *4 (C.D. Cal. June 28, 2024); *Vitiosus v. Alani Nutrition, LLC*, No. 21-CV-2048-MMA (MDD), 2022 WL 2441303, at *7 (S.D. Cal. July 5, 2022); *Walcoff v. Innofoods USA, Inc.*, No. 22-CV-1485-MMA (AHG), 2023 WL 3262940, at *7 (S.D. Cal. May 4, 2023); *Clevenger v. Welch Foods, Inc.,* 501 F. Supp. 3d 875, 882 (C.D. Cal. 2020); *Matic v. United States Nutrition, Inc.*, No. CV-18-9592-PSG, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019); *Cordes*, No. CV 18-6534, 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018); *Joslin v. Clif Bar & Co*., No. 4:18-CV-04941-JSW, 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019). Accordingly, Plaintiffs lack Article III standing to pursue injunctive relief.

### B. Plaintiffs' Consumer Protection Statute Claims Must Be Dismissed Because Plaintiffs Cannot Allege Deception To A Reasonable Consumer Given The Label And Website Disclaimer Warning Disclose The Product's Health Risks, Including A Risk Of Addiction

The reasonable consumer test governs Plaintiffs' claims under the California consumer protection statutes. *See, e.g., Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) ("claims under the California consumer-protection statutes are governed by the 'reasonable consumer' test"). The same is true for Plaintiffs' claims under the OUTPA. *Nguyen v. Cree, Inc.*, No. 3:18-cv-02097-SB, 2019 WL 7879879, at *9 (D. Or. Nov. 6, 2019). Similarly, Plaintiffs' claim under the NDTPA requires them to show the omission of a material fact which a "reasonable person would attach importance to" in making a purchasing decision. *Poole v. Nev. Auto Dealership Invs., LLC*, 135 Nev. 280, 281 (Nev. App. 2019).

The reasonable consumer test "requires a plaintiff to 'show that members of the public are likely to be deceived' by the defendant's marketing claims." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777 (9th Cir. 2024) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). There must be "more than a mere possibility that the label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Id.* at 777 (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)). *See also Becerra*, 945 F.3d at 1228. "Rather, the reasonable consumer standard requires a probability 'that a significant portion of the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Whiteside*, 108 F.4th at 777-78 (quoting *Ebner*, 838 F.3d at 965). *See also McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023). Plaintiff must sufficiently allege "the packaging will deceive many consumers, not just that a few might be deceived." *Id.* at 778.

Plaintiffs' claims fail under these consumer protection statutes because, contrary to the misleading allegations of the Complaint, the Product labels and corresponding website disclaimer warning contain information which specifically apprised Plaintiffs of the health risks of the Product and explicitly instructed them to review the website disclaimer warning prior to use, which specifically informed Plaintiffs of the health risks of use, including the potentially addictive properties of the Product. Indeed, Plaintiffs acknowledge in the Complaint that the Product labels reference the website disclaimer warning, and also acknowledge certain other information on Defendants' website, without disclosing to the Court that the website disclaimer warning contains a specific warning about the potentially addictive nature of the Product. *See* RJN, Exs. A-E.

The facts encountered by the court in *Swearingen v. Healthy Beverage, LLC*, No. 13-CV-04385-EMC, 2017 WL 1650552 (N.D. Cal. May 2, 2017) are particularly instructive as to why Plaintiffs' claims fail under the reasonable consumer test. In that case, the plaintiffs alleged that they were purportedly misled by the defendant's use of the term ECJ on its product label to describe evaporated cane juice, which plaintiffs alleged they did not understand meant the product contained added sugar. *Id.* * 2. However, the defendant's product label specifically referenced its website which included a disclaimer explaining that ECJ was a natural sugar. *Id.* *4. The court dismissed the plaintiffs' claims under the reasonable consumer test because "Plaintiffs specifically allege that they 'read and reasonably relied on the labels' on Defendants' products . . . the materials they read include the statements on Healthy Beverage's website incorporated into the labels. Given that allegation, Plaintiffs therefore knew ECJ was in fact sugar. Thus, Plaintiffs cannot have reasonably relied upon Healthy Beverage's misleading use of the term ECJ on its packaging." *Id.*

The same reasoning from *Swearingen* applies with even greater force here because not only does the Product packaging contain a reference to the Defendants' website on the front label (as in *Swearingen*), but the back label specifically instructed consumers to "REVIEW THE FULL

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

DISCLAIMER WARNING PRIOR TO USE: VISIT HTTPS://70HMZ.COM/DISCLAIMER." Plaintiffs here allege in their Complaint that they either "saw Defendants' 7-OH Tablets on the shelf and inquired about them," that they "first learned about 7-OH in January 2023 when [they] saw it at a local smoke shop," or they otherwise concede that they looked at the package before making their purchase, but falsely claim that the packaging "did not mention any risks of potential harm" and they purchased it "without seeing any risk on the packaging." Compl. ¶¶ 63-64. However, Plaintiffs admit in their Complaint that the Product's packaging instructs that "consumers should consult a healthcare professional before use" [and] "***directs consumers to a legal disclaimer page on Defendants' website***." *Id.* ¶ 55. Significantly, however, Plaintiffs conspicuously fail to mention that the website disclaimer specifically apprises consumers, in addition to numerous other serious health warnings, that the Product may be addictive. *See* RJN, Ex. E. As such, just like in *Swearingen*, because Plaintiffs allege that they "read and reasonably relied on the labels' on Defendants' products…the materials they read include the statements on [Defendants'] website incorporated into the labels. Given that allegation, Plaintiffs therefore knew [the Product] was [potentially addictive]. Thus, Plaintiffs cannot have reasonably relied upon [Defendants' purportedly] misleading . . . packaging." *Swearingen*, 2017 WL 1650552, at *4.

Other cases are in accord. *See, e.g., Dorris v. Danone Waters of Am.,* No. 22 CIV. 8717 (NSR), 2024 WL 4792048, at *4 (S.D.N.Y. Nov. 14, 2024) (dismissing claims under reasonable consumer test because "[t]he back label would have provided the consumer with a link to Evian's website to learn more. On Defendant's website, there is a fuller explanation of what 'carbon neutral' means . . . These sorts of disclosures mitigate concerns of consumers being misled at the point of sale. . . the Court concludes that a reasonable consumer would be expected to look beyond the front label to learn more about the representation and consult other additional information available"); *Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 82 (1st Cir. 2020) (concluding that website disclosures mitigate concerns over unethical omissions at the point of sale and that to hold otherwise would require disclosures on product packaging that would be too lengthy); *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001) (affirming dismissal of claims under reasonable consumer test where plaintiff's complaint made reference to certain statements on

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

defendant's website that would have dispelled potential deception on product label because "[t]he available information, in our view, dispels any tendency to deceive that the statements at issue might otherwise have had.").

### C. Plaintiff's Consumer Protection Statute Claims Must Be Dismissed To The Extent They Are Based On Representations Not Made By Defendants

It is axiomatic that Plaintiffs must allege that they reasonably relied on a representation or omission made ***by Defendants*** in making their purchasing decision to state a claim under their consumer protection act claims. *See Kwikset Corp. v. Sup. Ct.*, 51 Cal.4th 310, 325 (2011) (UCL). *See also Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1143 (2020) (UCL and CLRA); *Brazil v. Dole Packaged Foods, LLC*, 660 F. App'x 531, 534 (9th Cir. 2016) (same for "unlawful" practice claim grounded in fraud). Three of the Plaintiffs, however, expressly allege that their purchasing decisions were not based on representations or omissions made by Defendants or information on the Product labels, but rather were based on representations made by third parties.

Specifically, with the exception of M.A., each Plaintiff alleges that he relied on purported representations by third parties about the non-addictive nature of the Product as opposed to purported misrepresentations or omissions made by Defendants. For example, Plaintiff A.S. alleges that he "first learned about kratom when he worked as a waiter and ***a coworker told him*** it could help with anxiety and make it easier to talk to people, but did not mention any risk." Compl. ¶ 64 (emphasis added). Plaintiff N.A. alleges that "[w]hen he first purchased the Product ***he was told*** that Defendants' 7-OH Products were a non-addictive, organic, functional supplement for those seeking to alleviate pain, get sober, or maintain sobriety." *Id.* ¶ 65 (emphasis added). And, Plaintiff J.R. alleges that he first started using the product after "***[h]e was told*** that they would help with his leg pain. J.R. stated he did not want to take anything addictive, but ***he was assured that Defendants' 7-OH Tablets were not addictive***." *Id.* ¶ 66 (emphasis added). As such, because these Plaintiffs allege that the purported deceptive representations about the non-addictive properties of the Product were made by third parties, and not Defendants, their consumer protection act claims must be dismissed. *See Seldin v. HSN, Inc.*, No. 17-CV-2183-AJB-MDD, 2018 WL 3570308, at *5 (S.D. Cal. July 25, 2018) (dismissing UCL, CLRA and FAL claims because "the FAC does not allege that Plaintiff saw or heard any representations or advertisements

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

made by Defendants.")

**D. Defendants' UCL, CLRA, and FAL Claims Fail Because They Were Not Under A Duty To Disclose But In Any Event Abided By Any Purported Duty**

1. Defendants Lacked Exclusive Knowledge Of Potential Addictiveness

A viable omission is either contrary to a representation actually made or a fact that the defendant had a duty to disclose. *See Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835 (2006). Plaintiffs do not point to any statement actually made by Defendants. Therefore, they must allege facts giving rise to a duty to disclose in order to state a claim.

Under California law, a duty to disclose arises under four circumstances: (1) when plaintiffs and defendant are in a fiduciary relationship; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when defendant actively conceals a material fact; or (4) when a defendant makes a partial representation but also suppresses some material fact. *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 862 (9th Cir. 2018); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). Plaintiffs do not allege a fiduciary relationship or a partial representation. The only possibility here then, is exclusive knowledge or active concealment. Plaintiffs fail to adequately allege either one.

*Drake v. Haier US Appliance Sols. Inc.*, No. 23-CV-00939-AMO, 2024 WL 590597, at *1 (N.D. Cal. Feb. 13, 2024) is instructive regarding the deficiencies in Plaintiffs' claims. In *Drake*, the plaintiff purchased a gas stove manufactured by Haier. *Id.* at *1. He then sued Haier based on fraudulent omission, alleging that Haier failed to disclose to consumers that gas-fueled stoves are inherently dangerous and thus defective because they emit air pollutants linked to "respiratory illness, cardiovascular problems, cancer, and other health conditions." *Id.* The court dismissed the fraud by omission claims, finding that the plaintiff's allegations were insufficient to adequately plead a duty to disclose or justifiable reliance. *Id.* at *6.

The result should be the same here. The Complaint is devoid of facts that even suggest that Defendants had the necessary "exclusive knowledge" or actively concealed the effects of kratom. All that Plaintiffs allege is that the Product packaging was *silent* and that Defendants purportedly failed to disclose the potential effects of kratom. *Id.* ¶¶ 9, 41, 43, 59-60, 83-86, 91, 94, 105, 117, 133. Silence, however, is not "active concealment." Active concealment requires

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

affirmative acts to hide information. *SBC Berlin 2012-2014, Ltd. v. Babywatch, Inc.*, No. 18-cv-07611-EDL, 2019 WL 13203776, at *13 (N.D. Cal. Oct. 10, 2019) ("[T]here is a difference between silence . . . and active concealment . . . the latter is marked by an affirmative act to hide information from another party." (alterations in original) (citations omitted)). Plaintiffs do not allege that any defendant engaged in any affirmative acts of concealment.

Plaintiffs also do not plead "exclusive knowledge." In fact, to the contrary, the Complaint contains pages of Reddit posts and other allegations establish that that the potential addictiveness of kratom has been widely known for decades. *See* Compl. ¶¶ 36-37 (citing posts on Reddit forum with 45,000 members regarding potential addictiveness of kratom). Plaintiffs' conclusory allegation that "Defendants have exclusive or superior knowledge of 7-OH's addictive nature" is contrary to their own allegations. *Id.* ¶ 107. Plaintiffs have failed to allege that Defendants had a duty to disclose. As such, the Complaint fails. *Cf. Twombly*, 550 U.S. at 565–66 (holding that allegations merely consistent with theory of liability are insufficient if those allegations are equally consistent with lawful conduct.")

2. <u>Defendants Disclosed The Potential Health Harm, Including Addictiveness, Of The Product</u>

Assuming, *arguendo*, Defendants were under a duty to disclose the potential addictiveness of the Product, the Product's label disclaimer and associated website disclaimer warning contained the information necessary for Plaintiffs to determine the potential health harm, including addictiveness, of the Product prior to purchase and use. *See* RJN, Ex. C & D (back product labels stating that "THIS PRODUCT MAY BE HARMFUL TO YOUR HEALTH" . . . "REVIEW THE FULL DISCLAIMER WARNING PRIOR TO USE: VISIT HTTPS://7OHMZ.COM/DISCLAIMER.") (capitalization in original). *See also* RJN, Ex. E (website disclaimer stating that "[s]ome publications suggest that kratom may be associated with serious side effects such as seizures, liver damage, withdrawal, ***addiction***, abuse and death.") (emphasis added). As such, Defendants abided by any purported duty to disclose. *See, e.g., Brown v. Madison Reed, Inc.*, 622 F.Supp.3d 786, 805 (N.D. Cal. 2022) (dismissing UCL, CLRA and FAL claims where defendant's product label and website disclosed ingredients alleged to have been deceptively omitted).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

**E. Plaintiff's FAL Claim Fails Because It Cannot Be Based On An Omission**

The FAL prohibits making or disseminating an untrue or misleading advertising statement. Cal. Bus. & Prof. Code § 17500. Thus, as this Court has recognized, a claim for violation of the FAL cannot be premised on an omission. *Drake*, 2024 WL 590597, at *7; *Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158, 1170 (C.D. Cal. 2023) (stating "[a] FAL claim is not cognizable when based solely on an omission of material information"'); *Hedrick v. BSH Home Appliance Corp.*, Nos. 8:23-cv-00358 JWH JDE, 2:23-cv-04752-JWH-JDE, 5:23-cv-01496-JWH-JDE, 2024 WL 2190984, at *13 (C.D. Cal. May 14, 2024).

Given the above cited law, Plaintiffs have misleadingly attempted to characterize their FAL claim as one sounding in misrepresentation. *See* Compl. ¶¶ 91-96 (alleging claims are based on purported misrepresentations). But, nowhere in Plaintiffs' Complaint do they identify a single affirmative representation made by Defendants stating that kratom is not addictive. Rather, Plaintiffs' Complaint is premised solely on Defendants' alleged failure to disclose that kratom is addictive, which allegation is belied by the Product's packaging and website. *Id.* ¶¶ 9, 41, 43, 59-60, 83-86, 91, 94, 105, 117, 133. As such, the FAL claim must be dismissed.

**F. Plaintiffs' Breach of Implied Warranty Claim Fails**

Plaintiffs' breach of implied warranty claim fails because: (1) Plaintiffs have not identified which state laws they claim apply to this cause of action; (2) Plaintiffs have not alleged the Product is unfit for its ordinary and intended purpose; and (3) as discussed above, Plaintiffs cannot establish that Defendants failed to disclose the potentially addictive properties of the Product.

*First*, Plaintiffs do not allege which state's law applies to the Nationwide Class's claims for breach of implied warranty. This type of "general pleading" is improper because there are material variations in state law. Thus, failing to identify which jurisdiction's law applies prevents the Court from being able to analyze whether the claims are properly brought on behalf of a nationwide class (or even if they are properly pled). For example, in *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1174 (S.D. Cal. 2024) the court dismissed nationwide claims for purported breach of implied warranty where the plaintiff failed to allege which state laws applied to the claim because "[n]either the Defendant nor the Court should have to speculate

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

as to the legal basis for a claim particularly when assessing whether claims on behalf of a nationwide class should be dismissed." *See also Augustine v. Talking Rain Bev. Co.*, 386 F. Supp. 3d 1317, 1333 (S.D. Cal. 2019) (dismissing common law claims for fraud, negligent misrepresentation, and breach of express and implied warranties for failure to allege the applicable law); *Vitiosus*, 2022 WL 2441303, at *15 (same); *In re Static Random Access Memory Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008).

*Second,* Plaintiffs' attempt to plead a breach of the implied warranty of merchantability fails because they do not allege that the Product is unfit for its ordinary and intended purpose. The implied warranty of merchantability is a statutory warranty. Cal. Com. Code § 2314(1). Unlike express warranties, "liability for an implied warranty does not depend upon any specific conduct or promise on [the defendant's] part, but instead turns upon whether the[ ] product is merchantable under the code." *Hauter v. Zogarts*, 14 Cal. 3d 104, 117 (1975). The Commercial Code does not "impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Id.* A plaintiff who claims a breach of the implied warranty of merchantability must show that the product "did not possess even the most basic degree of fitness for ordinary use." *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003).

The reasoning from *Drake* again establishes why Plaintiffs fail to state a claim for breach of the implied warranty of merchantability. In *Drake*, the court found that the claim was adequately pleaded because Plaintiff alleged that stove as manufactured was unfit for ordinary use due to the safety defect—every stove as sold emitted the alleged carcinogens. 2024 WL 590597, at *7. In other words, the consumer could not avoid the inherent danger even when the stove was used as intended. *Id.* at *8 ("[A] product that poses a material safety hazard when used as intended is unmerchantable.").

The alleged defect here, however, is materially different. The alleged "defect" is addictive qualities like opioids. As shown above, governments and WHO have decided not to list kratom as a controlled substance because there is no evidence that kratom acts like an opioid. *See* RJN. Exs. F-I. Plaintiffs' allegation that kratom is like an opioid therefore does not pass the Supreme Court's plausibility standard. Thus, this claim fails.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Finally*, and in all events, Plaintiffs' breach of implied warranty claim fails for the same reason as its consumer protection act claims; because Defendants' Product labels and website disclosure warning expressly advised Plaintiffs of the potential health harm and addictive properties of the Product. *See* § IV.B *supra*.

**G. Plaintiffs' Unjust Enrichment Claim Fails**

Plaintiffs' unjust enrichment claim fails for two reasons: (1) Plaintiffs do not identify which state's law they claim applies; and (2) unjust enrichment is not a cognizable cause of action under California law.

*First*, Plaintiffs do not allege the state law this claim seeks to apply. Thus, Plaintiffs' claim fails for the same reason as the breach of implied warranty claim. *See Van Mourik v. Big Heart Pet Brands, Inc.,* 2018 WL 1116715, at *2 (dismissing plaintiff's nationwide unjust enrichment claim because she failed to allege the applicable state law); *In re Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1088 (S.D. Cal. 2017) ("[Plaintiffs] claim unjust enrichment generally, and do not list any particular jurisdiction to which the allegations should apply. This alone is fatal to [Plaintiffs'] unjust enrichment claims."); *Vitiosus*, 2022 WL 2441303, at *15; *In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2018 WL 1576457, at *4 (N.D. Cal. Mar. 30, 2018).

*Second*, Plaintiff's unjust enrichment claim must be dismissed to the extent it is brought under California law because California does not recognize unjust enrichment as an independent cause of action. *See Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) ("In California, there is not a standalone cause of action for unjust enrichment."); *see also In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1074 (N.D. Cal. 2015) (dismissing unjust enrichment claim with prejudice because "unjust enrichment is a remedy, and not an independent claim"); *Callaghan v. BMW of N. Am., LLC*, 2014 WL 6629254, at *4 (N.D. Cal. Nov. 21, 2014).

**H. Plaintiffs' Fraud By Omission Claim Fails**

Plaintiffs' fraud by omission claim fails for two reasons: (1) Plaintiffs do not allege which state's law applies; and (2) Plaintiffs cannot establish a fraudulent omission because the Product labels and website disclaimer warning disclosed the Product's potential harmful health effects and

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

that it was potentially addictive.

*First*, as with the breach of implied warranty and unjust enrichment claims, Plaintiffs do not allege which state's law applies to the Nationwide Class's claims for "fraud by omission." Numerous courts have held such generalized pleading is improper and renders the fraud by omission claim subject to dismissal. *See Van Mourik,* 2018 WL 1116715, at *2; *Augustine*, 386 F. Supp. 3d at 1333; *In re Static Random Access Memory Antitrust Litig.*, 580 F. Supp. 2d at 910.

*Second*, and just as their breach of implied warranty claim, the fraud by omission claim fails for the same reason as Plaintiffs' consumer protection statute claims; i.e., because Defendants' Product labels and website disclosure expressly advised Plaintiffs of the potential health harm and addictive properties of the Product. *See* § IV.B *supra*.

## I. The Court Should Dismiss or Strike Plaintiffs' Nationwide Class Allegations

Plaintiffs' nationwide class allegations should be dismissed or stricken because: (1) Plaintiffs lack standing to assert claims brought under the common law of states in which they do not reside or have a connection; (2) application of California law to the out-of-state class members' claims would violate due process; and (3) California conflict of law principles preclude maintenance of a nationwide class action with respect to the claims alleged.

### 1. Plaintiffs Lack Standing To Assert Claims Under the Common Laws of States With Which They Have No Connection

"Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 908 (N.D. Cal. 2019). Indeed, this Court has addressed this same Article III standing issue at the pleadings stage and dismissed nationwide common law causes of action, reasoning that "Plaintiffs lack Article III standing to bring nationwide claims against [defendants] on behalf of putative class members that are outside California." *Sinatro*, 2023 WL 2324291, at *7 (dismissing nationwide class claims at pleadings stage because "district courts in this Circuit routinely hold" that "named plaintiffs [do not] have standing to pursue class claims under the common laws of states to which the named plaintiffs have no connection. . . Plaintiffs do not allege any connection between any of the named Plaintiffs with each of the states that Plaintiffs seek to include in their claims on behalf of a nationwide class.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

As such, Plaintiffs cannot bring claims on behalf of putative members that reside outside of California, as the laws of the states where the putative class members reside apply."). *See also Tatum v. Talking Rain Beverage Company, Inc.*, No. 3:22-cv-03525-TLT, ECF No. 28, at pp. 7-8 (N.D. Cal. Dec. 5, 2022) (this Court dismissed nationwide class claims because "[n]o named Plaintiff alleges a connection to . . . the jurisdictions where they do not reside or have not purchased Defendant's products.")

Numerous decisions by courts in this judicial district and other district courts in the Ninth Circuit are in accord. *See Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *13 (N.D. Cal. June 2, 2021) (striking nationwide class allegations because plaintiff "cannot represent unnamed class members in states outside of California"); *Soo v. Lorex Corp.*, No. 20-CV-01437-JSC, 2020 WL 5408117, at *10 (N.D. Cal. Sept. 9, 2020); *Jones*, 400 F. Supp. 3d at 911; *Corcoran v. CVS Health Corp.*, 2016 WL 4080124, at *2 (N.D. Cal. July 29, 2016); *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017); *United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1078–79 (N.D. Cal. 2014); *Fenerjian v. Nongshim Co.*, 72 F. Supp. 3d 1058, 1082-83 (N.D. Cal. 2014); *Stewart v. Kodiak Cakes*, 537 F. Supp. 3d 1103, 1125 (S. D. Cal. 2021) (collecting cases); *Vitiosus*, 2022 WL 2441303, at *10.

Plaintiffs lack standing to assert common law claims for "Breach of Implied Warranty," "Unjust Enrichment" and "Fraud By Omission" on behalf of nationwide classes because Plaintiffs do not allege any connection to the 47 states in which they neither reside nor purchased the Product.

2. <u>California Lacks Significant Contacts With Each Class Member's Claims</u>

Even if Plaintiffs did have standing to assert a nationwide class, Plaintiffs cannot assert California common-law claims on behalf of the nationwide class without violating due process. Though Plaintiffs do not identify what law(s) they contend should apply to their purported nationwide class claims,[5] to the extent they seek to apply California law, it is well-settled that

[5] As discussed, *supra*, Plaintiffs' failure to identify the applicable law also requires that their common law claims (Counts 6-8) be dismissed.



VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

application of California law to out-of-state class members is unconstitutional absent a showing that California has a "significant contact or significant aggregation of contacts to the claims" of each class member. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985) (due process prohibits plaintiffs from applying the forum state's law to the claims of putative class members in other states where the transactions at issue bear "little or no relationship to the forum"); *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 590 (9th Cir. 2012), *overruled on other grounds* ("Under California's choice of law rules, the class action proponent bears the initial burden to show that California has 'significant contact or significant aggregation of contacts' to the claims of each class member … to ensure that application of California law is constitutional."); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001); *Marsh v. First Bank of Del.*, 2014 WL 554553, at *10-11 (N.D. Cal. Feb. 7, 2014).

While Plaintiffs allege that Defendants have "substantial contacts with and receive[] substantial benefits and income from and through the State of California," (*id.* ¶¶ 23, 24), this conclusory allegation is not sufficient to meet their burden of showing that California has significant contact with their nationwide claims. *See, e.g.*, *Marsh*, 2014 WL 554553, at *12-13. Indeed, in *Freedline v. O Organics*, the court dismissed nationwide class allegations at the pleading stage because the plaintiff failed to "overcome other states' interests in having their own consumer protection laws applied to their residents" even where the defendant was headquartered in California. 2020 WL 6290352, at *2 (N.D. Cal. Oct. 27, 2020). As such, application of California law to out-of-state residents' extraterritorial purchases would be unconstitutional. *See Marsh*, 2014 WL 554553 at *10-11; *Andren v. Alere, Inc.*, 2017 WL 6509550, at *16 (S.D. Cal. Dec. 20, 2017); *Tidwell v. Thor Indus., Inc.*, 2007 WL 8083631, at *8 (S.D. Cal. Mar. 26, 2007).

3. <u>Conflict of Law Principles Preclude a Nationwide Class</u>

Conflict of law principles also preclude nationwide application of California law. "A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." *Zinser*, 253 F.3d at 1187. It is well-settled that California's choice of law rules require the application of the laws of the jurisdiction in which each transaction took place, thereby precluding application of California law to the proposed nationwide class. *See*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Mazza*, 666 F.3d at 596. This rule applies to dismissal of nationwide claims "even at the pleading phase." *Cover v. Windsor Surry Co.*, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016).

Under California's choice of law rules, "California law may only be used on a class wide basis if the interests of other states are not found to outweigh California's interest in having its law applied." *Mazza*, 666 F.3d at 590. This requires the Court to determine: (1) whether there is a material difference between the different jurisdictions' laws; (2) if so, whether, under the circumstances, each jurisdiction's interest in the application of its own law creates conflict; and (3) if there is a conflict, which jurisdiction's interest would be more impaired by application of the other's laws. *See id.*; *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1007 (N.D. Cal. 2014). Applying this test, courts have consistently concluded that California law should not govern out-of-state purchases. As discussed below, the same conclusion is compelled here.

*a. Material Differences Exist Between Different Jurisdictions' Laws of Fraud, Breach of Warranty, and Unjust Enrichment*

A conflict exists because there are significant and material differences in the elements of California's breach of warranty, unjust enrichment, and fraud laws and the laws of other states.

With respect to the unjust enrichment claim, the Ninth Circuit has held that a nationwide unjust enrichment class is untenable because "[t]he elements necessary to establish a claim for unjust enrichment . . . vary materially from state to state." *Mazza*, 666 F.3d at 591; *Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015) (applying *Mazza* analysis to reject nationwide unjust enrichment claims because "[i]t is hard to imagine a clearer directive from our Circuit on this issue"); *Stitt v. Citibank*, 2015 WL 9177662, at *4 n.4 (N.D. Cal. Dec. 17, 2015) ("No court in this Circuit has certified a nationwide unjust enrichment class since *Mazza*.").

Indeed, many states, including California, do not even recognize unjust enrichment as a legal cause of action. *See Astiana*, 783 F.3d at 762; *In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d at 1074; *Callaghan*, 2014 WL 6629254, at *4.

There are also material variations in the statutes of limitations for unjust enrichment claims, which would make the class period in this case difficult to determine. As such, the applicable statutes of limitations will fluctuate greatly given wide variations among the 50 states, with some

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

states applying statutes of limitations for this claim ranging from three to ten years,[6] while other states require a more complex limitations calculation governed by equitable doctrines such as laches. *See, e.g.*, *Suburban Motors of Grafton, Inc. v. Forester*, 396 N.W.2d 351, 353 (Wis. Ct. App. 1986); *Angelini v. Delaney*, 966 P.2d 223, 229 (Or. 1998).

The law of implied warranty also differs markedly from state to state. Accordingly, courts in this Circuit routinely reject nationwide breach of warranty classes. *See*, *e.g.*, *Darisse v. Nest Labs, Inc.*, No. 5:14-CV-01363-BLF, 2016 WL 4385849, at *12 (N.D. Cal. Aug. 15, 2016) (dismissing nationwide breach of implied warranty claim because "[t]he fifty states' laws on the implied warranties of merchantability and fitness for a particular purpose have significant differences regarding privity, notice, the availability of class actions, and the definition of merchantability.") ; *Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-CV-05984-RGK-AS, 2020 WL 4390371, at *9 (C.D. Cal. July 28, 2020) (differences in state implied warranty laws precluded maintenance of multi-state breach of implied warranty claim); *Vinci v. Hyundai Motor Am.*, No. SACV170997DOCKESX, 2018 WL 6136828, at *8 (C.D. Cal. Apr. 10, 2018).

"Material variations also exist among the states' laws regarding common law fraud." *Darisse*, 2016 WL 4385849, at *13 (noting difference in reliance requirements, burden of proof, and statutes of limitations for common law fraud claims and collecting cases). As with the implied warranty and unjust enrichment claims, courts routinely dismiss nationwide fraud classes for this reason as well. *See*, *e.g.*, *Dearmey v. Hawaiian Isles Kona Coffee Co.*, 2019 WL 6723413, at *3-4 (C.D. Cal. July 22, 2019) (dismissing nationwide fraud claim because it "invokes common law that varies materially from state to state"); *Larsen v. Vizio, Inc.*, 2015 WL 13655757, at *3 (C.D.

---

[6] *See, e.g.*, *Domke v. Alyeksa Pipeline Serv. Co.*, 137 P.3d 295, 302 n.18 (Alaska 2006) ("[U]njust enrichment is essentially a contract claim, so it would be subject to the three-year limit established in AS 09.10.053 for actions upon a contract or liability, express or implied."); *Nitrini v. Feinbaum*, 501 P.2d 576, 580-81 (Ariz. App. Div. 1972) (applying four-year limitations period to unjust enrichment claim); *Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 360 (Iowa 1982) (applying five-year limitations period to unjust enrichment claim); *Drozeck v. Lawyers Title Ins. Corp.*, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000) (applying six-year limitations period to unjust enrichment claim); *Minyard v. Curtis Prods., Inc.*, 205 So.2d 422, 433 (La. 1967) (applying ten-year limitations period to unjust enrichment claim).

Cal. Apr. 21, 2015) (dismissing common law fraud nationwide class claims because "there are … material variations among the states' negligent and intentional misrepresentation claims").

*b. Each Jurisdiction Has a Substantial Interest in the Application of Its Own Law To Claims Asserted on Behalf of Its Residents*

Courts also recognize that "every state has an interest in having its law applied to its resident claimants." *Zinser*, 253 F.3d at 1187. "[A] jurisdiction ordinarily has the predominant interest in regulating conduct that occurs within its borders." *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 97 (2010). States' independent interests in "balancing the range of products and prices offered to consumers with the legal protections afforded to them" are strong enough to preclude the nationwide imposition of California law. *Mazza*, 666 F.3d at 592; *Julian v. TTE Tech., Inc.*, 2020 WL 6743912, at *10 (N.D. Cal. Nov. 17, 2020) ("[E]ach jurisdiction has an interest in having its own laws apply.").

Each jurisdiction therefore has an independent interest in applying its law to transactions that take place within its borders. *See Mazza*, 666 F.3d at 592-93 (the other 49 states have the "predominant interest in regulating conduct that occurs within [their] borders" because the place where the advertising is received and the purchase occurs is the "place of the wrong"). California thus has an interest in applying its law to Plaintiffs' and the California Subclass's purchases, which occurred in California. But California does not have an interest in applying its laws to out-of-state purchases of out-of-state residents. *See id.* at 594 ("California's interest in applying its law to residents of foreign states is attenuated."). Here, the transactions at issue took place across 50 states. Accordingly, each state has an equal interest in applying its own laws to transactions within its borders. *See id.* at 594 ("[E]ach class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place.").

*c. Each State's Interest Would Be Impaired by the Application of Another State's Laws*

Finally, each state's interests would be impaired by the application of foreign law to its own residents' purchases of the Products in those states. *See Mazza*, 666 F.3d at 593 ("[I]f California law were applied to the entire class, foreign states would be impaired in their ability to calibrate liability to foster commerce."). Applying California or another state's law to purchases that took place in other states would impair those states' interests. For example, in *In re Capacitors*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Antitrust Litig.*, the court dismissed nationwide class allegations at the pleading stage because "the potential conflict with the laws of other states (which surely would have an interest in this case if the Court were to certify a nationwide class) 'looms large.'" 106 F. Supp. 3d at 1073. Similarly, in *Freedline*, the court dismissed nationwide class allegations due to conflict of law issues because while "[t]here is no doubt that [plaintiff] may bring California-law claims on behalf of other California consumers . . . the putative class stops at the state border unless he can establish that California law applies to all putative class members." 2020 WL 6290352, at *2; *see also Julian*, 2020 WL 6743912, at *10 ("California has a minimal interest in having its laws apply to out-of-state residents, particularly as California considers the place of the wrong to be the state where the last event necessary to make the actor liable occurred.").

In contrast, California law would not be impaired by applying foreign state laws to citizens of foreign states. California law, in fact, prioritizes the site of the injury and supports referring each class member's claim to the jurisdiction where he/she purchased. *See Hernandez v. Burger*, 102 Cal. App. 3d 795, 802 (1980) ("[T]he place of the wrong has the predominant interest.").

Thus, all three factors of the *Mazza* test clearly demonstrate that California law cannot be used on a national class wide basis in this case. The claims of putative non-California residents must be governed by the laws of the states where the putative members purchased the products or reside. Neither California nor any other single state's law may apply to the Nationwide Class. Accordingly, the Court should strike all claims brought on behalf of a nationwide class.

4. The Class Allegations Should Be Stricken Now

It is well-established that this Court has the authority to address at the pleadings stage class-related defects that, as here, appear on the face of the pleading. Indeed, courts in this judicial district, including this Court, have routinely stricken nationwide class allegations at the pleadings stage. *See Sinatro*, 2023 WL 2324291, at *7 (granting motion to dismiss as to nationwide class claims at pleadings stage . . . "[t]he Court can properly address the issue of standing before it addresses the issue of class certification"). *See also In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d at 1074 (dismissing nationwide class allegations at the pleadings stage because the court "finds merit in disposing of this issue at an early stage of the litigation, particularly where the issue of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

whether the different state's laws conflict will not change significantly as this action progresses."); *see also Freedline*, 2020 WL 6290352, at *1 (dismissing nationwide class claims at the pleadings stage, holding that "a Rule 12(b)(6) motion may also be appropriate for evaluating the adequacy of a national state-law class allegation"); *Van Mourik*, 2018 WL 1116715, at *2.

Other courts in this District and other district courts in California are in accord. *See Stewart*, 537 F. Supp. 3d at 1124 (striking nationwide class allegations at the pleadings stage because "[t]he Court agrees with the growing trend that courts can address the issue of Article III standing at the pleadings stage and dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased products."); *Vitiosus*, 2022 WL 2441303, at *10 (dismissing nationwide class claims at pleadings stage because "[t]here is significant risk of wasted effort and resources by the Court and the parties should Plaintiffs be permitted to proceed to class discovery with a putative nationwide class, when Plaintiffs can only plead California and New York state law claims. There is simply nothing of legal substance to permit such a putative class to proceed. There are no claims that would apply to a nationwide class. It is neither prudent nor necessary to defer until class certification.") *Phan*, 2021 WL 2224260, at *13; *Cover*, 2016 WL 520991, at *5; *Frenzel*, 76 F. Supp. 3d at 1010; *Frezza v. Google, Inc.*, 2013 WL 1736788, at *6 (N.D. Cal. Apr. 23, 2013).

Here, because each putative class member's claims are governed by the breach of implied warranty, unjust enrichment, and fraud laws of the state where he or she purchased the Product, Plaintiffs' proposed nationwide class involves individualized issues that predominate, which precludes certification of a nationwide class. As such, the nationwide class allegations should be stricken now.

## V. CONCLUSION

For the foregoing reasons, Defendants' motion should be granted in its entirety.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Dated: January 8, 2025

VENABLE LLP

By: */s/ Daniel Silverman*

Daniel S. Silverman
Amit Rana
Bryan J. Weintrop
*Attorneys for Defendants* Thang Botanicals, Inc. and FTLS Holdings, LLC d/b/a 7ΩHMZ

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900