**VENABLE LLP**
Daniel S. Silverman (SBN 137864)
dssilverman@venable.com
Bryan J. Weintrop (SBN 307416)
bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone:    310.229.9900
Facsimile:    310.229.9901

**VENABLE LLP**
Amit Rana (SBN 291912)
arana@venable.com
Zoe Gallagher (SBN 355362)
zgallagher@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.673.3750
Facsimile:    415.653.3755

Attorneys for Defendants,
THANG BOTANICALS, INC., and
FTLS HOLDINGS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A., A.S., N.A., and J.R., individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>THANG BOTANICALS, INC., and FTLS HOLDINGS LLC, collectively doing business as 7ΩHMZ, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-07029-TLT<br><br>Hon. Trina L. Thompson<br><br>**REQUEST FOR ENTRY OF ORDER OF FINAL DISMISSAL WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(b) DUE TO PLAINTIFFS' FAILURE TO FILE AMENDED COMPLAINT BY COURT IMPOSED DEADLINE**<br><br>Action Filed:    October 7, 2024<br>Trial Date:    None |

*VENABLE LLP*
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................. 1

II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................ 2

III.    LEGAL STANDARD.......................................................................................... 3

IV.     ARGUMENT ..................................................................................................... 3

       A.   Dismissal Is Warranted Due to Plaintiffs' Failure to Comply with This Court's
           Order ................................................................................................... 3

       B.   Application Of the *Yourish* Factors Heavily Supports Dismissal.................. 5

          **1.**   Plaintiffs' Inaction Undermines the Public's Interest in the Timely Resolution
              of the Litigation ……………………………………………………5

          **2.**   Plaintiffs' Failure to Comply with The Court's Order Frustrates the Court's
              Ability to Manage Its Docket……………………………………………6

          **3.**   Plaintiffs' Violation of This Court's Order Has Prejudiced Defendants……7

          **4.**   Plaintiffs' Inaction Shows that Less Drastic Alternatives to Dismissal Would
              be Ineffective ………………………………………………………8

V.      CONCLUSION.................................................................................................. 9

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Brazil v. U.S. Dep't of Navy*,
    66 F.3d 193 (9th Cir. 1995) ..................................................................................5

*Edwards v. Marin Park, Inc.*,
    356 F.3d 1058 (9th Cir. 2004) ......................................................................3, 4, 6

*Ferrer v. California*,
    No. 2:17-cv-00970-JAM-EFB, 2018 U.S. Dist. LEXIS 218498 (E.D. Cal.
    Dec. 28, 2018)..............................................................................................8, 9

*Hastings v. Hutchens*,
    2020 WL 5350337 (C.D. Cal. Sept. 4, 2020) ....................................................5

*Hernandez v. City of El Monte*,
    138 F.3d 393 (9th Cir. 1998) ..............................................................................5

*Lancaster v. South Lane Sch. Dist.*,
    104 F. App'x 16 (9th Cir. 2004) ................................................................. *passim*

*Nevijel v. N. Coast Life Ins. Co.*,
    651 F.2d 671 (9th Cir. 1981) ..............................................................................8

*Thayer v. Napa Cnty.*,
    2022 WL 18956850 (N.D. Cal. Nov. 28, 2022) ..........................................1, 4, 5

*Thayer v. Napa Cty., et al.*,
    Case No. 21-cv-03937-TLT (N.D. Cal.), ECF 14 ..............................................4

*Yourish v. California Amplifier*,
    191 F.3d 983 (9th Cir. 1999) ..................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 41(b) ................................................................... *passim*

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1

REQUEST FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 41(b) DUE TO PLTFS' FAILURE TO FILE AMENDED
COMPLAINT BY COURT IMPOSED DEADLINE
CASE NO. 3:24-cv-07029-TLT

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## I.    INTRODUCTION

On March 28, 2025, this Court issued an Order granting in part, and denying in part, Defendants Thang Botanicals, Inc. and FTLS Holdings, LLC d/b/a 7ΩHMZ's (collectively, "Defendants") motion to dismiss and to strike the nationwide class allegations (the "Order").  *See* ECF 35.  The Order expressly required that Plaintiffs file an amended complaint by no later than April 15, 2025, stating "Plaintiffs ***shall*** file an amended complaint consistent with this order by April 15, 2025."  *Id.* at 18 (emphasis added).  "Shall" is defined as a "compulsion, obligation or necessity."  Webster's New Universal Unabridged Dictionary.  As such, amendment was not optional.  Significantly, the Order explicitly warned Plaintiffs that "[a] failure to meet this deadline will result in ***dismissal with prejudice*** under Federal Rule of Civil Procedure 41(b)."  *Id.* at 18 (emphasis added).  Rule 41(b) is entitled "Involuntary Dismissal," which states "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Plaintiffs failed to comply with the Order, as they did not file an amended complaint by the Court-ordered deadline, nor did they seek an extension or offer any explanation for their non-compliance.  Indeed, two weeks have passed since the deadline and Plaintiffs have done nothing.

Considering the Court's clear directive in its Order that this Action would be dismissed *with prejudice* in the event Plaintiffs failed to file an amended complaint by April 15, 2025, and Plaintiffs' failure to comply with that directive, Defendants expected that the Court would have issued an order by now dismissing the case with prejudice without the need to file this Request.  In fact, this Court has previously enforced similar orders by *sua sponte* dismissing cases under Rule 41(b) with prejudice where a plaintiff failed to amend a complaint by the court-ordered deadline.  *See Thayer v. Napa Cnty.,* 2022 WL 18956850, at *1 (N.D. Cal. Nov. 28, 2022) (this Court *sua sponte* dismissed complaint eleven (11) days after plaintiff failed to comply with an order requiring the filing of an amended complaint).  Accordingly, Defendants respectfully request that the Court confirm dismissal of this Action with prejudice pursuant to the Order and Rule 41(b), as Plaintiffs' failure to timely amend their complaint constitutes a clear violation of a lawful order,

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1    which warrants dismissal with prejudice.

2        To the extent the Court deems that dismissal has not already occurred by operation of its

3    prior Order, Defendants respectfully request that dismissal be entered based on an evaluation of the

4    factors articulated in *Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir. 1999), in which

5    the Ninth Circuit expressly held that dismissal under Rule 41(b) is appropriate where, as here, a

6    plaintiff fails to file an amended complaint in compliance with a court order to do so.  The facts of

7    this case satisfy four of the five factors identified in *Yourish*.  These factors are: the public interest

8    in expeditious resolution of litigation, the court's need to manage its docket, the prejudice caused

9    to Defendants by Plaintiffs' delay, and that there is not a less drastic alternative than dismissal.[1]

10   Because all of these factors support dismissal under Rule 41(b), this case should be dismissed with

11   prejudice.

12   ## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

13       On October 7, 2024, Plaintiffs filed a putative class action complaint against the

14   Defendants asserting various consumer protection act claims (under California, Oregon, and

15   Nevada law) and related common law claims stemming from Defendants' alleged failure to warn

16   consumers regarding the potentially addictive properties of the Defendants' product.  ECF 1.  On

17   January 8, 2025, Defendants moved to dismiss the complaint and to strike Plaintiffs' nationwide

18   class allegations pursuant to Federal Rules of Civil procedure 12(b)(1), 12(b)(6), and 12(f).  ECF

19   20.

20       On March 28, 2025, this Court issued its Order, which denied Defendants' motion to

21   dismiss Plaintiffs' Consumer Protection Act claims only to the extent that those claims were based

22   on the sufficiency of Defendants' packaging representations.  ECF 35, at 12-13.  However, the

23   Court granted Defendants' motion to dismiss the Consumer Protection Act claims insofar as they

24   were premised on third party representations.  ECF 35, at 13.  The Court further granted

25   Defendants' motion to dismiss Plaintiffs' claims for injunctive relief, claims under California's

26

27   ---

[1] Defendants do not contend that the factor regarding the public policy favoring resolution of
cases on their merits supports dismissal.

28

False Advertising Law, breach of implied warranty, unjust enrichment, fraud by omission, and Plaintiffs' nationwide class allegations.  ECF 35, at 9,13-16.

The Order clearly required Plaintiffs to amend their allegations to comply with the rulings made in the Order.  Indeed, the Order expressly mandated that Plaintiffs "shall file an amended complaint consistent with this Order no later than April 15, 2025," and that "[a] failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b)."  ECF 35, at 18.  Plaintiffs failed to comply with this directive and, to date, have not filed any amended complaint, nor offered any excuse for their failure to comply with the Order.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes a Defendant to move for a dismissal "if the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  The Ninth Circuit has held that a Rule 41(b) dismissal is appropriate where a Plaintiff fails to amend a complaint by a court-ordered deadline.  *Yourish v. California Amplifier,* 191 F.3d 983 (9th Cir. 1999); *see also Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065 (9th Cir. 2004) (holding that dismissal of a complaint under Rule 41(b) is warranted when there is inaction by the plaintiff rather than an affirmative choice not to amend which is clearly communicated to the court which then ripens into a final appealable judgment.)

Under the relevant Ninth Circuit test, courts evaluate five factors in determining whether dismissal is warranted for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Yourish*, 191 F.3d at 990 (citing *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998)).  Dismissal may be affirmed where at least four of the five factors support dismissal, or where at least three factors strongly support dismissal.  *Id.*

## IV.    ARGUMENT
### A.      Dismissal Is Warranted Due to Plaintiffs' Failure to Comply with This Court's Order

Dismissal is appropriate under Rule 41(b) where a plaintiff fails to comply with a court

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

order.   "[W]hen a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim."  *Yourish*, 191 F.3d at 986 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  Failure to comply with a court's order to file an amended complaint warrants dismissal under Rule 41(b).  *Id.*; *Edwards*, 356 F.3d at 1065.

Here, Plaintiffs were expressly ordered by this Court to file an amended complaint "consistent with this Order no later than April 15, 2025."  ECF 35, at 18.  The Court explicitly stated that failure to do so would result in dismissal of the action *with prejudice* pursuant to Rule 41(b).  ECF 35, at 18.  Despite this directive, Plaintiffs failed to file an amended complaint by the deadline and have yet to file one as of the date of this filing.  Plaintiffs did not request an extension, offer any explanation for their failure to comply, or otherwise take any action to comply with the Order.  Plaintiffs' inaction therefore warrants the dismissal of their case under Rule 41(b).

This Court has *sua sponte* dismissed actions pursuant to Rule 41(b) under nearly identical circumstances.  For example, in *Thayer*, the plaintiff's first amended complaint was dismissed by this Court with leave to amend, pursuant to an order that required that "Mr. Thayer shall file a Second Amended Complaint by Thursday, November 17, 2022."  *Thayer v. Napa Cty., et al*., Case No. 21-cv-03937-TLT (N.D. Cal.), ECF 14 at 2.  Plaintiff subsequently failed to file his Second Amended Complaint by the deadline, which resulted in this Court *sua sponte* dismissing the action with prejudice eleven days later.  *See Thayer*, 2022 WL 18956850, at *1.

Notably, the facts presented in *Thayer* were far weaker than those presented here, and yet the Court still entered dismissal of the action with prejudice.  *First*, unlike the Order here, which specifically warned Plaintiffs that their failure to file an amended complaint by April 15, 2025 would "result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b)," (ECF 35 at 18), the order in *Thayer* contained no such warning but merely held that plaintiff "shall" file an amended pleading by a date certain with no express warning of the potential for dismissal.  *Thayer v. Napa Cty., et al*., Case No. 21-cv-03937-TLT (N.D. Cal.), ECF 14 at 2.  *Second*, the plaintiff in

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

4

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*Thayer* was proceeding *pro-se*, whereas Plaintiffs here are represented by two law firms with experienced counsel, making their non-compliance even more inexcusable.  This is because, in this Circuit, courts have held that *pro-se* litigants may be entitled to more leeway when it comes to complying with procedural directives or in the construction of their pleadings.  *See, e.g.*, *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *Hastings v. Hutchens*, 2020 WL 5350337, at *2 (C.D. Cal. Sept. 4, 2020).  Here, given that Plaintiffs are represented by experienced counsel, who were undoubtedly well aware of the requirement that they file an amended pleading by April 15, 2025, and the consequences of a failure to do so, Plaintiffs should not be permitted even more leeway than the *pro-se* plaintiff encountered by this Court in *Thayer*.  Accordingly, dismissal under Rule 41(b) is warranted.

### B.    Application Of the *Yourish* Factors Heavily Supports Dismissal

A district court must consider five factors when dismissing a case under Rule 41(b): (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  *Yourish*, 191 F.3d at 990 (citing *Hernandez*, 138 F.3d at 399).  Dismissal may be affirmed where at least four of the five factors support dismissal, or where at least three factors strongly support dismissal.  *Hernandez*, 138 F.3d at 399.  Here four of the five *Yourish* factors strongly support dismissal.

#### 1.    Plaintiffs' Inaction Undermines the Public's Interest in the Timely Resolution of the Litigation

"The public's interest in expeditious resolution always favors dismissal."  *Yourish*, 191 F.3d at 990.  This is especially true where, as here, a party has been given a clear deadline by the Court and fails to take any responsive action.  Despite this Court's express order that Plaintiffs "shall file an amended complaint consistent with this order no later than April 15, 2025" (ECF 35, at 18), Plaintiffs have taken no steps to comply.  Plaintiffs have not filed an amended complaint, requested an extension, or provided any justification for their inaction.  Their silence reflects not only a disregard for this Court's authority, but also causes needless delay in the adjudication of this case.

5

This kind of procedural stagnation directly undermines the public's interest in judicial efficiency.  In an analogous case, the Ninth Circuit held that this factor favors dismissal.  *Lancaster v. South Lane Sch. Dist.*, 104 F. App'x 16 (9th Cir. 2004).  In that case, the Plaintiff similarly failed to file an amended complaint by the court-ordered deadline.  *Lancaster*, 104 F. App'x 16 at 18.  Furthermore, the plaintiff in *Lancaster* even attempted to file a late amended complaint.  *Id.* at 18-19.  Nonetheless, the Ninth Circuit found this first factor favored dismissal.  *Id.*

The same is true here.  Plaintiffs' failure to act—despite a clear and direct court order—frustrates the public's interest in timely adjudication and weighs heavily in favor of dismissal under Rule 41(b).

### 2. Plaintiffs' Failure to Comply with The Court's Order Frustrates the Court's Ability to Manage Its Docket

The second *Yourish* factor—the court's interest in managing its docket—also strongly supports dismissal.  The court in *Yourish* reaffirmed that this Circuit has previously held that "district judges are best situated to decide when delay in a particular case interferes with docket management and the public interest."  *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).  Here, Plaintiffs' violation of the Court's Order has wasted judicial resources and has resulted in no amended complaint being filed and, thus, no responsive pleading either, as Defendants do not know what allegations or claims Plaintiffs intend to make.  For example, the Court dismissed only part of Plaintiffs' Consumer Protection Act claims and dismissed all the common law claims.  As such, Defendants would need to see an amended complaint stripped of the dismissed claims and allegations before it could either prepare an answer or, alternatively, evaluate whether a further motion to dismiss was necessary based on potential deficiencies in the amended complaint.

Courts have an inherent interest to ensure that their dockets are managed effectively, and that judicial resources are directed towards cases being actively litigated.  In *Edwards,* the Ninth Circuit reaffirmed the principle that dismissal under Rule 41(b) is appropriate in the face of a plaintiff's failure to take any action following a court-ordered deadline to amend—without notifying the court of an intent to stand on the original complaint to expedite appeal—which

6

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

improperly burdens judicial resources.  356 F.3d at 1065.  The court distinguished such silent inaction from an intentional and strategic choice to seek finality for appellate purpose, noting that in the former situation, "resources continue to be consumed by a case sitting idly on a court's docket."  *Edwards,* 356 F.3d at 1065.  Similarly, here, Plaintiffs have taken no action to comply with the Court's directive, and their inaction continues to consume judicial resources while this case sits dormant on the Court's docket.  This inaction frustrates the Court's ability to efficiently manage its docket.  Accordingly, this factor also weights decisively in favor of dismissal.

### 3.     Plaintiffs' Violation of This Court's Order Has Prejudiced Defendants

Plaintiffs' failure to comply with the Court's Order to amend their complaint has caused prejudice to the Defendants.  In *Lancaster,* the Ninth Circuit affirmed dismissal under similar circumstances where the plaintiff ignored a court order to amend and failed to offer any acceptable justification for the delay.  *Lancaster*, 104 F. App'x at 18.  The court concluded that this factor supports dismissal "where the Plaintiff does not offer a reasonable excuse for failing to comply with the order to amend."  *Id.*

Likewise, in *Yourish*, the court emphasized that a party's inadequate excuse for noncompliance can itself support a finding of prejudice.  There, the plaintiffs claimed they failed to act because they were waiting for a written order explaining the dismissal of their complaint. Yet even after learning of the confusion regarding the ruling, they did nothing for sixty days.  The court found that this "paltry excuse" for disregarding the court's order prejudiced the defendant and strongly favored dismissal.  *Yourish,* 191 F.3d at 990.  Plaintiffs here have done even less— they have provided no excuse at all.

Defendants are now left in a position of procedural uncertainty.  Without an operative complaint that conforms to the Court's Order, Defendants are unable to file a responsive pleading. This prevents Defendants from preparing a meaningful defense or pursing dispositive motions. The litigation, thus, remains at a standstill, while Defendants continue to incur the burden and expense of an unresolved proceeding.

Additionally, the ongoing uncertainty imposes practical and reputational costs.  Defendants

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

7

REQUEST FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 41(b) DUE TO PLTFS' FAILURE TO FILE AMENDED COMPLAINT BY COURT IMPOSED DEADLINE
CASE NO. 3:24-cv-07029-TLT

must continue to account for a pending lawsuit that, procedurally, cannot move forward and, substantively, remains undefined.  Plaintiffs' failure to comply with the Order has left Defendants in limbo, and the delay serves no purpose other than to frustrate defense strategy and prolong disruption to Defendants' business operations.

Because Plaintiffs have offered no justification for their failure to comply with the Order, and because that failure impairs Defendants' ability to litigate and resolve the case, this factor weighs strongly in favor of dismissal under Rule 41(b).

### 4.    Plaintiffs' Inaction Shows that Less Drastic Alternatives to Dismissal Would Be Ineffective

The final *Yourish* factor—the availability of less drastic alternatives—also strongly supports dismissal.  This Court expressly warned Plaintiffs that failure to file an amended complaint by April 15, 2025, would result in dismissal with prejudice pursuant to Rule 41(b).  ECF 32, at 18.  Despite this clear and unequivocal warning, Plaintiffs failed to act.

It is well-established that the court is not required to exhaust all lesser sanctions before dismissing a case.  As the Ninth Circuit explained, "though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

For example, in *Ferrer v. California*, the district court dismissed a habeas petition where the petitioner failed to file an amended pleading by the court-ordered deadline, despite being warned that failure to do so could result in dismissal under Rule 41(b).  No. 2:17-cv-00970-JAM-EFB, 2018 U.S. Dist. LEXIS 218498, at *4 (E.D. Cal. Dec. 28, 2018).  The court emphasized that "[t]he availability of less drastic sanctions also counsels in favor of dismissal where, as here, Petitioner did not simply file an amended pleading late—she did not file it at all. As a result, without a valid operative petition, the action stands in legal limbo, leaving the court with two alternatives: dismiss the action or leave it pending without an operative pleading.  Under the facts here, there is no viable lesser alternative." *Id.*

Likewise, in *Lancaster,* the Ninth Circuit held that this factor favored dismissal where the plaintiff failed to file an amended complaint even after being explicitly warned by the magistrate

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

8

1  judge that dismissal was imminent for failure to comply with the order to amend.  104 F. App'x at

2  19.

3       The same is true here.  Plaintiffs ignored this Court's express order and failed to file an

4  amended complaint, even after being clearly warned that failure to do so would result in dismissal

5  with prejudice.   If the prospect of dismissal was not enough to compel compliance, it is

6  unreasonable to believe that any lesser sanction would succeed.  As in *Ferrer* and *Lancaster,*

7  Plaintiffs' complete disregard for the Court's Order leaves the Court with no viable alternative but

8  dismissal, with prejudice, under Rule 41(b).

9  **V.    CONCLUSION**

10      For the foregoing reasons, Defendants respectfully request that this Action be dismissed in

11 its entirety, with prejudice.

12  Dated:  April 29, 2025                      VENABLE LLP

13

14                                   By:    */s/ Daniel Silverman*
                                          Daniel S. Silverman
15                                        Amit Rana
                                          Bryan J. Weintrop
16                                        Zoe E. Gallagher
                                          *Attorneys for Defendants* Thang
17                                        Botanicals, Inc. and FTLS Holdings, LLC
                                          d/b/a 7ΩHMZ

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

REQUEST FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 41(b) DUE TO PLTFS' FAILURE TO FILE AMENDED
COMPLAINT BY COURT IMPOSED DEADLINE
CASE NO. 3:24-cv-07029-TLT