**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Luke Sironski-White (State Bar No. 348441)
1990 North California Boulevard, 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com
       lsironski@bursor.com

**LYNCH CARPENTER, LLP**
Todd D. Carpenter (State Bar No. 234464)
todd@lcllp.com
Scott G. Braden (State Bar No. 305051)
scott@lcllp.com
1234 Camino del Mar
Del Mar, CA 92014
Telephone: (619) 762-1910
Facsimile: (858) 313-1850

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A., A.S., N.A., and J.R., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THANG BOTANICALS, INC., and FTLS HOLDINGS LLC, collectively doing business as 7ΩHMZ, and DOES 1-10, inclusive., <br><br> Defendants. | Case No. 3:24-cv-07029-TLT <br><br> Hon. Trina L. Thompson <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SET ASIDE JUDGMENT PURSUANT TO FED R. CIV. P. 60(b)** <br><br> Hearing Date: July 15, 2025 <br> Time: 2:00 p.m. <br> Courtroom: 9, 19th Floor |

**NOTICE OF MOTION AND MOTION TO SET ASIDE JUDGMENT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT on July 15, 2025, at 2:00 p.m. in Courtroom 9—19th Floor of the above-captioned court, located 450 Golden Gate Avenue, San Francisco, CA 94102, or as soon thereafter as counsel may be heard, Plaintiffs M.A., A.S., N.A., and J.R. ("Plaintiffs") will and hereby do respectfully move to set aside the Court's judgment and to reopen this matter pursuant to Federal Rule of Civil Procedure 60(b).  This motion is based on the Notice of Motion and Motion, the papers and records on file in this action, and any other matter the Court may consider.

Respectfully submitted,

Dated:  May 13, 2025  **BURSOR & FISHER, P.A**.

By: ___*/s/ Neal J. Deckant*___

Neal J. Deckant (State Bar No. 322946)
Luke Sironski-White (State Bar No. 348441)
1990 North California Boulevard, 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com
         lsironski@bursor.com

**LYNCH CARPENTER, LLP**
Todd D. Carpenter (State Bar No. 234464)
todd@lcllp.com
Scott G. Braden (State Bar No. 305051)
scott@lcllp.com
1234 Camino del Mar
Del Mar, CA 92014
Telephone: (619) 762-1910
Facsimile: (858) 313-1850

*Attorneys for Plaintiffs*

## I. INTRODUCTION

Plaintiffs M.A., A.S., N.A., and J.R. ("Plaintiffs") respectfully move to set aside the Court's judgment and to reopen this matter pursuant to Federal Rule of Civil Procedure 60(b). The dismissal—entered just 67 minutes after Defendants filed a Rule 41(b) notice of dismissal by total surprise, and without giving Plaintiffs a chance to respond—was the result of a good-faith and reasonable misunderstanding of the Court's prior Order on Defendants' motion to dismiss. Plaintiffs' counsel were in the process of filing an amended complaint when the judgment was entered,[1] having diligently litigated the case and prepared to amend only if warranted. Plaintiffs respectfully request that the Court vacate the judgment and permit this action to proceed on the merits.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows relief from final judgment for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Courts assessing "excusable neglect" consider four equitable factors: (1) prejudice to the opposing party; (2) length of delay and impact on proceedings; (3) reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). All four *Pioneer* factors strongly favor relief here.

## III. ARGUMENT

**A.  Plaintiffs' Counsel's Misreading of the Court's Order Was Reasonable and Made in Good Faith**

The delay in filing an amended complaint was not due to inattention or neglect, but rather to a sincere and reasonable reading of the Court's March 28, 2025 Order (ECF No. 35). Plaintiffs'

---

[1] When Plaintiffs' counsel saw Defendants' Rule 41 notice of dismissal, they were in a state of surprise, confusion, and shock. As will be discussed below, following the Court's order on the motion to dismiss, Plaintiffs had served initial discovery requests and noticed a deposition, the parties had scheduled a mediation, and counsel were in contact about case management issues. Regardless, when Plaintiffs' counsel saw the notice of dismissal at 9:31 a.m., they dropped everything and prepared an amended complaint by simply deleting the dismissed claims—as they had no further factual allegations to add. The document was in final form, and Plaintiffs' counsel had begun the process to file it on ECF, when the Court entered the final judgment at 10:38 a.m.

1  counsel understood that Order to grant "leave to amend" as to only certain claims that the Court
2  had found deficient—namely, the injunctive relief request, nationwide class allegations, and
3  several consumer protection and fraud-based claims. The Court then warned that Plaintiffs "shall
4  file an amended complaint consistent with this order by April 15, 2025" or face dismissal. (ECF
5  No. 35 at 17–18.)

6       Counsel reasonably understood this to mean that *only the dismissed claims* needed to be
7  amended to avoid being stricken. Because Plaintiffs elected not to pursue those dismissed claims,
8  and believed their remaining claims were viable as pled, they did not file a revised complaint.
9  Counsel's interpretation was consistent with prior orders in similar cases (*i.e.*, per local practice,
10 it is typically not necessary to file an amended complaint where plaintiffs have no new factual
11 allegations to add and wish to proceed only as to the claims that survived dismissal). In fact,
12 Plaintiffs' counsel met and conferred multiple times about whether new factual allegations should
13 be made, and they ultimately concluded that the dismissed claims could not be salvaged under
14 applicable law—but they still wished to proceed as to the claims which survived dismissal.

15      Compounding the confusion, the Court's January 29, 2025 Scheduling Order set a separate
16 May 13, 2025 deadline to amend the pleadings. Counsel understood this as an additional
17 procedural opportunity to amend based on further discovery or developments. Thus, Plaintiffs did
18 not ignore the Court's deadline—they made a reasoned decision grounded in a genuine
19 interpretation of the Order.

20      **B.**    **Plaintiffs Have Acted Diligently and in Good Faith Throughout**

21      Plaintiffs' conduct following the Court's order on the motion to dismiss confirms their
22 continued commitment to prosecuting this case. On March 31, 2025, *three days* after the Court
23 issued its ruling on the motion to dismiss, Plaintiffs served their initial set of requests for
24 production and interrogatories. On April 8, 2025, the parties scheduled a mediation with Judge
25 Diane Welsh of JAMS for June 20, 2025. On April 10, 2025, Plaintiffs noticed a Rule 30(b)(1)
26 deposition of Gregory Dalli, one of Defendants' officers. On April 22, 2025, Plaintiffs' counsel
27 was in communications with Defendants' lawyers to negotiate and file a stipulation to continue
28 the mediation deadline from June 10 to June 20, 2025, which was granted by the Court that same

day (ECF Nos. 36-37). These are not the actions of litigants abandoning a case—they are the actions of a party preparing to move forward and diligently continuing to litigate the Plaintiffs' claims.

At no point did Defendants' lawyers inquire about the status of the amended complaint or attempt to meet and confer before filing their request for dismissal. The Rule 41 notice came as a complete shock to Plaintiffs' counsel. Not a word was said to Plaintiffs' counsel before the notice was filed (presumably because Plaintiffs' counsel would have simply clarified their position—or they would have filed a nominally-amended complaint within the span of a few hours—if there was any misapprehension about whether Plaintiffs intended to proceed with the case). Indeed, it is difficult to understand how there could be any possible misapprehension about Plaintiffs' intentions. Serving written discovery, noticing depositions, setting up a mediation, and entering stipulations regarding case management deadlines are not the actions of a party abandoning their claims. Nor did Plaintiffs have an opportunity to respond to the Rule 41 notice before judgment was entered.

### C. The Delay Was Minimal and Caused No Prejudice

This motion is being filed just 14 days after the entry of judgment. As opposed to other instances where this Court has refused to grant Rule 60(b) relief after significant delays, the delay here is minimal and reasonable. *See, e.g., Watson v. City of Arcata*, No. 23-CV-05013-TLT, 2025 WL 1148285, at *1 (N.D. Cal. Mar. 10, 2025) (seven-month delay unreasonable). Here, Plaintiffs have moved swiftly and already prepared an amended complaint that is consistent with the Court's Order and ready for immediate filing. *See* Exhibit A (first amended complaint).

Defendants, moreover, will suffer no cognizable prejudice if this case is reopened. "Prejudice" under Rule 60(b) means more than just continued litigation. See *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009). Defendants are still actively engaged in this matter—the parties are preparing for mediation, and discovery has already commenced. Resuming the case would simply pick up where it left off.

Setting aside the judgment, by itself, will also not require any extensions to the case schedule or cause delay if done so promptly. The schedule calls for Plaintiffs to file their motion

MOTION TO SET ASIDE JUDGMENT                                                                                            4
CASE NO. 3:24-CV-07029-TLT

for class certification by November 3, 2025, and the close of fact discovery is on May 11, 2026. There is still plenty of time, and there will be no prejudice to Defendants. If the Court is inclined to set aside the judgment, then Plaintiffs' counsel is prepared to charge forward and meet their obligations.

### IV.     CONCLUSION

The judgment of dismissal was entered under circumstances that do not reflect bad faith, dilatory conduct, or disregard of the Court's authority. Plaintiffs' counsel made a reasonable and good-faith assessment about whether amendment was required, continued to actively litigate the case, and acted promptly to seek relief upon learning of the dismissal. Under the equitable framework of *Pioneer*, Rule 60(b) relief is warranted.

Plaintiffs respectfully request that the Court set aside the judgment and permit the case to proceed. They respectfully request that the Court permit the filing of the amended complaint attached hereto as Exhibit A.

Dated: May 13, 2025            **BURSOR & FISHER, P.A.**

By:   */s/ Neal J. Deckant*

Neal J. Deckant (State Bar No. 322946)
Luke Sironski-White (State Bar No. 348441)
1990 North California Boulevard, 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com
           lsironski@bursor.com

**LYNCH CARPENTER, LLP**
Todd D. Carpenter (State Bar No. 234464)
todd@lcllp.com
Scott G. Braden (State Bar No. 305051)
scott@lcllp.com
1234 Camino del Mar
Del Mar, CA 92014
Telephone: (619) 762-1910
Facsimile: (858) 313-1850

*Attorneys for Plaintiffs*