**VENABLE LLP**
Daniel S. Silverman (SBN 137864)
dssilverman@venable.com
Bryan J. Weintrop (SBN 307416)
bjweintrop@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

**VENABLE LLP**
Amit Rana (SBN 291912)
arana@venable.com
Zoe Gallagher (SBN 355362)
zgallagher@venable.com
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: 415.673.3750
Facsimile: 415.653.3755

Attorneys for Defendants,
THANG BOTANICALS, INC., and
FTLS HOLDINGS LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.A., A.S., N.A., and J.R., individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>THANG BOTANICALS, INC., and FTLS HOLDINGS LLC, collectively doing business as 7ΩHMZ, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:24-cv-07029-TLT<br><br>Hon. Trina L. Thompson<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT PURSUANT TO FED R. CIV. P. 60(b)**<br><br>Hearing Date: July 15, 2025<br>Time: 2:00 p.m.<br>Courtroom: 9-19th Floor<br><br>Action Filed: October 7, 2024<br>Trial Date: None |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................. 4

    A. Relevant Procedural History Leading To The Issuance Of The Order ............... 4

    B. Plaintiffs' Counsel Files A New Parallel Lawsuit In This Judicial District After The Court's Order But Before The Deadline to Amend ...................................... 5

III. LEGAL STANDARD .................................................................................................... 6

IV. ARGUMENT .................................................................................................................. 6

    A. Each Of The *Pioneer* Factors Weighs Heavily Against A Finding Of Excusable Neglect ................................................................................................................. 6

        1. Plaintiffs' Delay Was Entirely Within Their Control and Does Not Constitute Excusable Neglect ................................................................... 6

            a. Plaintiffs' Decision Not To File An Amended Complaint Was Completely Within Their Control .................................................. 6

            b. Plaintiffs' Misconstruing A Clear Court Order Does Not Constitute Excusable Neglect ........................................................................... 7

        2. Plaintiffs' Conduct Is Indicative Of Bad Faith .................................... 10

        3. Plaintiffs' Delay is Unreasonable and Unjustified............................... 11

        4. Reopening the Case Would Prejudice Defendants .............................. 12

    B. Plaintiffs Misconstrue the Basis for Dismissal Under Rule 41(b) ..................... 13

V. CONCLUSION ............................................................................................................ 14

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Bateman v. U.S. Postal Serv.*,
   231 F. 3d 1220 (9th Cir. 2000) ..................................................................................................6

*Batman v. Perez*,
   No. 2:20-cv-01234, 2022 WL 17330466 (C.D. Cal. Nov. 29, 2022) ........................................7

*Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*,
   909 F.2d 1437 (10th Cir. 1990) .................................................................................................6

*Cashner v. Freedom Stores, Inc.*,
   98 F.3d 572 (10th Cir. 1996) .....................................................................................................6

*Ceridian Corp. v. SCSC Corp.*,
   212 F.3d 398 (8th Cir. 2000) .....................................................................................................9

*Fastener Sys. V. MBNA Am.*,
   48 F. App'x 418 (3d Cir. 2002) .................................................................................................9

*Hernandez v. City of El Monte*,
   138 F.3d 393 (9th Cir. 1998) ...................................................................................................10

*In Re Kmart Corp.*,
   381 F.3d 709 (7th Cir. 2004) ...................................................................................................11

*Lowry v. McDonnell Douglas Corp.*,
   211 F.3d 457 (8th Cir. 2000) .....................................................................................................9

*M.L. et al. v. Thang Botanicals, Inc. et al.*,
   Case No. 3:25-cv-03191 (N.D. Cal. filed Apr. 9, 2025).................................................3, 5, 10

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd*.,
   507 U.S. 380 (1993)............................................................................................................ *passim*

*United States v. Wilson*,
   631 F.2d 118 (9th Cir. 1980) .....................................................................................................3

*Watson v. City of Arcata*,
   No. 23-CV-05013-TLT, 2025 WL 1148285 (N.D. Cal. Mar. 10, 2025).......................2, 6, 8, 9

**Other Authorities**

Federal Rule Civil Procedure 11(b)(2) ............................................................................................11

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Federal Rule of Civil Procedure 41(b) ........................................................................................ 4,8,13

Federal Rule of Civil Procedure 60(b)(1) ........................................................................................ 6

Federal Rule of Evidence 201(b) ..................................................................................................... 3

Northern District of California Local Rule 3-12 ........................................................................... 10

## I.     INTRODUCTION

Plaintiffs invoke Rule 60(b) in an attempt to unwind the repercussions of their decision to unreasonably disobey this Court's lawful order, which required them to file an amended complaint by April 15, 2025, or their Complaint would be dismissed with prejudice pursuant to Rule 41(b). Plaintiffs' election to disobey that order does not constitute "excusable neglect" within the meaning of Rule 60(b).

On March 28, 2025, this Court granted, in part, Defendants' Thang Botanicals, Inc., and FTLS Holdings LLC's ("Defendants") Motion to Dismiss the Complaint and to Strike Nationwide Class Allegations, and expressly ordered Plaintiffs to file an amended complaint by April 15, 2025. ECF 35 (the "Order"). Specifically, the Order stated "Plaintiffs **_shall_** file an amended complaint consistent with this order no later than April 15, 2025. . . **A failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b)**." ECF 35 at 18 (emphasis added). Plaintiffs disregarded the Order. They did not seek clarification, request an extension, or move for any other form of relief. Instead, they simply ignored the Order. Now they desperately seek to avoid the consequences of that decision by relying on a litany of unavailing excuses and an unreasonable reading of the Order, none of which establish "excusable neglect."

The applicable inquiry under Rule 60(b) as to whether there has been "excusable neglect" focuses on the factors articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993). This test evaluates: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its effect on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395. Here, each of the factors weighs decisively against a finding of excusable neglect. Defendants will address each of these factors, but not in the order set forth in *Pioneer*.

*First*, as to the factor regarding the reason for the delay and whether it was within Plaintiffs' reasonable control, there is no dispute that Plaintiffs' decision to disobey the Order was fully within their control. Moreover, Plaintiffs' purported, albeit disingenuous, excuse that they somehow misread the word "shall" as permissive rather than mandatory – despite being represented by two

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

law firms and at least four experienced attorneys actively litigating the case – should be rejected as a basis for finding excusable neglect. It is obvious that the word "shall" imposed an obligation, not a permissive request. Merriam Webster's Dictionary defines "shall" as "**to be under necessity or obligation**." (emphasis added). Plaintiffs' interpretation that they had an option not to file an amended complaint was not only unreasonable; it was legally indefensible, especially in light of the Court's clear and unequivocal statement that "**[a] failure to meet this deadline will result in dismissal with prejudice.**" ECF 35 at 18 (emphasis added). The Court's Order left no room for misinterpretation, and Plaintiffs' counsels' purported reading of the Order is implausible. Indeed, this Court very recently held that a party's conscious choice to ignore a clear deadline does not constitute excusable neglect within the meaning of Rule 60(b). *See Watson v. City of Arcata*, No. 23-CV-05013-TLT, 2025 WL 1148285, at *2 (N.D. Cal. Mar. 10, 2025), (Hon. Trina L. Thompson) (denying Rule 60(b) motion and holding that the reason for delay factor weighed against a finding of excusable neglect where plaintiff had simply chosen not to file an amended complaint within 21 days of the court's order granting a motion to dismiss with leave to amend).

*Second*, the factor considering the movant's good faith also weighs decisively against a finding of excusable neglect in light of Plaintiffs' counsels' bad faith conduct in the wake of the issuance of the Order that is directly at odds with representations of good faith made in their motion ("Motion"). Specifically, Plaintiffs argue in their Motion that their decision not to file an amended complaint was a good faith mistake because, after discussing the matter amongst themselves multiple times, they "ultimately concluded that the dismissed claims could not be salvaged under applicable law." Mot. at 3:13-14. As such, they consciously chose to proceed without attempting to amend. Significantly, however, on April 9, 2025 – twelve days after the Court issued its Order, and just six days before the deadline for filing an amended complaint set by the Order – Plaintiffs' counsel filed a completely new action against Defendants on behalf of a new Oregon plaintiff[1] in this judicial district asserting ***the exact same factual allegations and claims that were dismissed***

---

[1] An Oregon consumer was already a named plaintiff in this Action.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

*by the Court through the Order*. *See M.L. v. Thang Botanicals, et al.*, Case No. 3:25-cv-03191-JSC (N.D. Cal. filed April 9, 2025), ECF 1.[2]  Plaintiffs further failed to file a notice of related case, as they were required to do.  As such, Plaintiffs: (1) engaged in impermissible judge shopping by hoping they could find a different judge in this judicial district who might view the dismissed claims as sufficiently pled via a separate proceeding (despite Plaintiffs' concessions as to the dismissed claims in their Opposition to the Motion to Dismiss/Strike); and (2) they tacitly admit to having committed a Rule 11 violation by pursuing claims that they openly concede in the Motion are legally and factually deficient (and which they continue to pursue to this day).  Plaintiffs cannot be considered to have acted in good faith given the above-described conduct.  Indeed, such conduct is strong evidence of bad faith, which weighs heavily against a determination of excusable neglect.

*Third*, the length of the delay and its effect on the proceeding also weighs against a finding of excusable neglect because Plaintiffs' conduct will result in a complete derailment of the existing Scheduling Order.  Indeed, Plaintiffs delayed an additional two weeks after the April 29, 2025 order dismissing the case before filing the short, barebones Motion seeking relief from the dismissal order.  Moreover, by the time this Motion is heard, a full three-month delay from the date Plaintiffs were initially ordered to file an amended complaint will have elapsed, which constitutes a lengthy and unreasonable delay that derails these proceedings and will require a new schedule in the case.

*Fourth*, due to the attendant delays caused by Plaintiffs' dilatory and unreasonable conduct, Defendants will be prejudiced as a result of the litigation delays.  For example, Plaintiffs' conduct will cause unreasonable delays if the case is reopened, has left Defendants unable to finalize litigation strategy, and will cause Defendants to incur additional business disruptions, including by impairing business planning and product development, and will generally cast a cloud over Defendants' ability to operate.  Defendants have also been prejudiced by having to incur significant

---

[2] A true and correct copy of the complaint in this later-filed proceeding is attached hereto as Exhibit 1.  It is well-established that the Court may take judicial notice of this complaint pursuant to Federal Rule of Evidence 201(b) as a record of this court.  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.")

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

attorneys' fees opposing this Motion.

*Lastly*, Plaintiffs' Motion either misunderstands or intentionally attempts to misconstrue the basis for the Court's dismissal under Rule 41(b) by attempting to rely on the fact that Plaintiffs were engaged in discovery and scheduling a mediation at the time the dismissal was entered. However, the basis for the dismissal of Plaintiffs' claims was not a failure to prosecute, which is one of the possible bases for a Rule 41(b) involuntary dismissal. Rather, the basis for dismissal here was Plaintiffs' decision to flout the Court's Order, which is a cognizable basis for dismissal under Rule 41(b). *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or ***to comply with . . . a court order***, a defendant may move to dismiss the action or any claim against it.") (emphasis added).

For the foregoing reasons and those discussed below in greater detail, Plaintiffs' Motion should be denied.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A.     Relevant Procedural History Leading To The Issuance Of The Order

On August 23, 2024, Plaintiffs filed their complaint against the Defendants, asserting various consumer protection act claims (under California, Oregon, and Nevada law) and related common law claims on behalf of putative state and nationwide classes stemming from Defendants' alleged failure to warn consumers regarding the potentially addictive properties of the Defendants' product. ECF 1. On January 8, 2025, Defendants moved to dismiss the complaint and to strike Plaintiffs' nationwide class allegations pursuant to Federal Rules of Civil procedure 12(b)(1), 12(b)(6), and 12(f) ("Motion to Dismiss"). ECF 20.

On March 28, 2025, this Court issued its Order granting in part and denying in part Defendants' Motion to Dismiss. Specifically, the Court denied Defendants' motion to dismiss Plaintiffs' Consumer Protection Act claims only to the extent that those claims were based on the sufficiency of Defendants' disclaimer and website representations. ECF 35, at 12-13. However, the Court granted Defendants' motion to dismiss the Consumer Protection Act claims insofar as they were premised on third party representations. ECF 35, at 13. The Court further granted Defendants' motion to dismiss each of Plaintiffs' remaining claims for injunctive relief, claims

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

under California's False Advertising Law, breach of implied warranty, unjust enrichment, fraud by omission, and Plaintiff's nationwide class allegations.  ECF 35, at 9,13,14-16.

The Order granted Plaintiffs leave to amend their allegations to comply with the rulings made in the Order.  Indeed, the Order expressly stated that Plaintiffs "**shall** file an amended complaint consistent with this Order no later than April 15, 2025," and that "[a] failure to meet this deadline **will result in dismissal with prejudice** under Federal Rule of Civil Procedure 41(b)."  ECF 35, at 18 (emphasis added).  Plaintiffs subsequently failed to comply with this directive and did not file an amended complaint.

### B. Plaintiffs' Counsel Files A New Parallel Lawsuit In This Judicial District After The Court's Order But Before The Deadline to Amend

On April 9, 2025—just days prior to the deadline to amend set by the Order and while the present case was still pending—Plaintiffs filed a second, nearly identical putative class action against Defendants in this judicial district, also based on a purported failure to disclose the purportedly addictive properties of the product and asserting the same exact causes of action (including all the dismissed claims and requests for relief) on behalf of a new Oregon Plaintiff. *See M.L. et al. v. Thang Botanicals, Inc. et al.,* Case No. 3:25-cv-03191 (N.D. Cal. filed Apr. 9, 2025), ECF 1 (attached hereto as Exhibit 1).  This filing occurred despite the fact that an Oregon plaintiff was already represented in this Action.

On April 29, 2025, Defendants filed a Request for Entry of Order of Final Dismissal With Prejudice Pursuant to Federal Rule of Civil Procedure 41(b) Due to Plaintiffs' Failure to File an Amended Complaint as ordered by the Court (the "Request").  ECF 38.  Shortly after Defendants filed the Request, the Court granted it and entered a final judgment dismissing the action with prejudice pursuant to Rule 41(b).  ECF 39.

A full two weeks later, on May 13, 2025, Plaintiffs filed the present Motion, seeking relief from the judgment.  Plaintiffs claim they misunderstood the Court's order and did not believe they were required to file an amended complaint.

//

//

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Relief under Rule 60(b) is "extraordinary" and "may only be granted in exceptional circumstances." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996) (citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir. 1990)).

The Supreme Court in *Pioneer Investment Services Co.,* established the four-factor test that governs whether neglect is "excusable" under Rule 60(b)(1): (1) the danger of prejudice to the opposing party; (2) the length of the delay and its effect on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. 507 U.S. at 395. The Ninth Circuit has expressly adopted the *Pioneer* factors in the Rule 60(b) context. *See Bateman v. U.S. Postal Serv.,* 231 F. 3d 1220, 1223-24 (9th Cir. 2000).

## IV. ARGUMENT

### A. Each Of The *Pioneer* Factors Weighs Heavily Against A Finding Of Excusable Neglect

#### 1. Plaintiffs' Delay Was Entirely Within Their Control and Does Not Constitute Excusable Neglect

Among the most important of the *Pioneer* factors is "the reason for the delay, including whether it was within the reasonable control of the movant." *Pioneer,* 507 U.S. at 395; *see also Watson*, 2025 WL 1148285, at *2 (denying motion under Rule 60(b) where only the factors of reason for delay and length of delay weighed against a finding of excusable neglect).

##### a. Plaintiffs' Decision Not To File An Amended Complaint Was Completely Within Their Control

Plaintiffs do not even attempt to argue, nor could they, that their failure to comply with the Court's Order by filing an amended complaint resulted from circumstances outside their control. Indeed, Plaintiffs admit they understood the court-ordered deadline, but consciously elected not to comply with it. As such, this delay was entirely avoidable, wholly self-inflicted, and squarely within the control of the Plaintiffs.

Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
310.229.9900

Courts in the Ninth Circuit have applied the "reasonable control" prong and held plaintiffs accountable for failures that were within their control. For instance, in *Batman v. Perez,* No. 2:20-cv-01234, 2022 WL 17330466, at 17-18 (C.D. Cal. Nov. 29, 2022), the Court denied Rule 60(b) relief after plaintiffs failed to respond to an Order to Show Cause, which resulted in dismissal with prejudice. There, the plaintiffs argued that their delay constituted excusable neglect because a Yuma Union claims adjuster had allegedly misled them into filing a deficient notice. But the court rejected that rationale, explaining that "[e]ven if the Yuma County notice of claim form's existence were relevant to plaintiffs' failure to respond, plaintiffs' discovery of the form provides no justification for the delay" because the relevant form had been available "since at least 2016," and could have been located at the outset of litigation had plaintiffs exercised diligence. That failure, the court concluded, was "within the reasonable control of the movant." *Id.* at 18.

So too here. Plaintiffs were under a clear obligation to amend their complaint by April 15, 2025. They had the staffing and time to either comply or request relief—but did neither. That failure was entirely within Plaintiffs' control.

### b. Plaintiffs' Misconstruing A Clear Court Order Does Not Constitute Excusable Neglect

Plaintiffs' contention that they believed they were free not to file an amended complaint because they read the Order as only requiring amendment of the dismissed claims is factually implausible. Mot. at 3:6-7. The Court's Order dismissed, in part, certain aspects of Plaintiffs' consumer protection act claims – which were the only claims that survived the Motion to Dismiss – such that amendment of those claims was clearly required, not optional. Indeed, the Order granted "Defendants' motion to dismiss Plaintiffs' Consumer Protection Claims to the extent those claims are based on third party representations." ECF 35 at 17:18-19. As such, and even accepting Plaintiffs' flimsy explanation that they were abandoning the dismissed claims as the basis for their failure to file an amended complaint, Plaintiffs nonetheless clearly needed to amend their surviving consumer protection act claims in a manner consistent with the Order.

For this very reason, the Order was abundantly clear that Plaintiffs "***shall*** file an amended complaint consistent with this Order no later than April 15, 2025," and warned that failure to do

1  so would result in dismissal of the complaint with prejudice. ECF No. 35 at 18. Plaintiffs'
2  disingenuous suggestion that they read "shall" as if it meant "may" must be rejected as constituting
3  excusable neglect. Moreover, Plaintiffs' reading is also implausible and unreasonable because
4  Rule 41(b) contemplates the dismissal of an entire action in the event of non-compliance with a
5  court order, which was clearly intended by the Order. *See* Fed. R. Civ. P. 41(b) (contemplating
6  that "if the plaintiff fails to . . . comply with . . . a court order, a defendant may move to dismiss
7  the ***action***.") (emphasis added). Indeed, Plaintiffs were represented by at least four experienced
8  attorneys across two separate law firms, all of whom were actively litigating the case. Despite
9  multiple experienced attorneys representing them, Plaintiffs failed to comply with the
10 unambiguous Court Order.

11 Even more brazenly, Plaintiffs attempt to shift the blame for their misconstruing the Order
12 by insinuating that Defendants were required to "meet and confer" with them before filing their
13 Request regarding Plaintiffs' failure to comply with the Court Order. Mot. 4:4-5. That assertion
14 has no legal basis and appears intended only to deflect attention from their own litigation
15 misconduct.

16 Plaintiffs' reliance on the Court's January 29, 2025 Scheduling Order in an attempt to
17 suggest that they reasonably believe they had until May 13, 2025 to file an amended complaint is
18 also disingenuous and unavailing. Mot. 3:15-19. Indeed, the Order plainly superseded the earlier
19 Scheduling Order by unambiguously requiring Plaintiffs to file their amended complaint by April
20 15, 2025. Plaintiffs' decision to ignore that directive, and then mischaracterize the record to excuse
21 their failure, further undermines their credibility and purported good faith conduct.

22 Indeed, in *Watson* this Court recently held that this factor weighed against a finding of
23 excusable neglect in circumstances far less egregious than those at issue here. *Watson*, 2025 WL
24 1148285, at *1. In that case, the court issued an order dismissing certain of the plaintiffs' claims
25 with prejudice, but granted leave to amend as to an ADA claim. *Id*. However, the underlying
26 order did not specify a deadline by which an amended complaint was required to be filed, nor did
27 it contain a clear warning that a failure to file an amended complaint would result in dismissal with
28 prejudice under Rule 41(b). *See Watson v. City of Arcata*, No. 3:23-cv-05013-TLT, ECF 35 at 12.

1  Ultimately, when the plaintiff did not file an amended ADA claim within the 21-day statutory
2  deadline, the case was dismissed *sua sponte* by the court pursuant to Rule 41(b).  2025 WL
3  1148285, at *1.  The plaintiff subsequently sought relief under Rule 60(b).  *Id*. at *2.  In arguing
4  that "the reason for the delay" factor weighed in favor of finding excusable neglect, the plaintiff
5  argued, among other things, that his counsel was not aware of the deadline for filing an amended
6  complaint and instead believed that a considerable amount of time was available.  *Id*.  The Court
7  rejected this argument as supporting a finding of excusable neglect.  *Id*.

8      The facts here are much stronger than those encountered in *Watson* and, thus, weigh even
9  more heavily against a finding of excusable neglect.  Indeed, unlike the underlying dismissal order
10 in *Watson*, which neither specified a deadline for filing an amended complaint nor contained a
11 warning about the repercussions of failing to file an amended complaint, the Court's Order here
12 provided both a specific deadline by which an amended complaint was to be filed and a clear
13 warning that failure to file an amended complaint by that deadline would result in dismissal of the
14 Complaint with prejudice.

15     Other courts have also consistently rejected similar excuses as those made by Plaintiffs
16 here.  For example, in *Fastener Sys. V. MBNA Am.,* 48 F. App'x 418 (3d Cir. 2002), the Third
17 Circuit held that an attorney's misunderstanding of a procedural rule did not amount to excusable
18 neglect, emphasizing that misunderstanding clear procedural deadlines does not justify vacating a
19 judgment.  The same principle governs here.  Plaintiffs' counsel—despite having full notice and
20 the resources to act—misconstrued an unambiguous court order and made no effort to clarify or
21 request an extension before the deadline expired.

22     Likewise, in *Lowry v. McDonnell Douglas Corp.,* 211 F.3d 457, 463-64 (8th Cir. 2000),
23 the Eight Circuit held that "garden-variety attorney inattention," such as miscounting a filing
24 deadline, does not qualify as excusable neglect.  The court explained that inadvertence, ignorance
25 of rules, or mistakes construing rules do not constitute excusable neglect.  *See also Ceridian Corp.*
26 *v. SCSC Corp.,* 212 F.3d 398, 402-05 (8th Cir. 2000) (holding that a party's failure to follow the
27 clear dictates of a statute requiring timely filing could not support relief under Rule 60(b)).
28

1  At bottom, this was not a case of ambiguity or unforeseen difficulty, and it is not a close call as to whether the Plaintiffs' purported misreading of the order is plausible. Plaintiffs had full control over whether to comply, and their legal teams had more than enough experience and manpower to meet that deadline—or to seek relief before judgment was entered. They did neither.

### 2.    Plaintiffs' Conduct Is Indicative Of Bad Faith

The *Pioneer* factor examining whether the movant acted in good faith also weighs heavily against a finding of excusable neglect, as Plaintiffs' conduct in the wake of the Order reveals strategic maneuvering, not good faith error. On April 9, 2025, just twelve days after this Court entered its Order, Plaintiffs filed a nearly identical putative class action in this judicial district – apparently in the hopes of finding a different judge who might have a different view as to the viability of their deficient claims. *See* Complaint, *M.A. et al. v. Thang Botanicals, Inc. et al.,* Case No. 3:25-cv-03191 (N.D. Cal. filed Apr. 9, 2025). That complaint asserted the **same** causes of action, restated the **same** legal theories—including all the claims this Court had already dismissed—and reasserted nationwide class allegations on behalf of a new Oregon plaintiff, despite this Court dismissing the nationwide class allegations in light of Plaintiffs' concession as to that issue. But, notably, an Oregon plaintiff was already represented in this Action at the time this new case was filed, making the new action both duplicative and blatantly improper. Moreover, Plaintiffs deliberately failed to file a notice of related case, as required under Northern District of California Local Rule 3-12, despite both actions asserting identical facts and claims, and involving the same defendants. That omission was not accidental—it was tactical. Plaintiffs sought a different judge in the same district in order to re-litigate issues already decided against them and sought to divert the case from this Court's attention by failing to file a notice of related case. The only reasonable inference is that they were judge shopping. Significantly, the Ninth Circuit has expressly held that such conduct may warrant dismissing a case pursuant to a Court's inherent authority. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("Judge-shopping clearly constitutes 'conduct which abuses the judicial process.' The district court's inherent power to impose dismissal or other appropriate sanctions therefore must include the authority to dismiss a case for judge-shopping.")

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

Plaintiffs' Motion further confirms that they are not operating in good faith, as Plaintiffs admit that as part of their purported process by which they concluded that they were not required to file an amended complaint in this Action, the lawyers from the two law firms representing Plaintiffs met and conferred with each other multiple times and **"concluded that the dismissed claims could not be salvaged under applicable law."** ECF No. 40 at 4. (emphasis added). Yet despite reaching that conclusion, just a few days later, they filed a new action *<u>asserting the very same dismissed claims that they now admit they know full well are legally untenable</u>*. And, to this day, Plaintiffs' counsel continues to pursue those claims. This clearly constitutes a Rule 11 violation. *See* Fed. R. Civ. Proc. 11(b)(2) ("By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances : . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.")

In totality, Plaintiffs' actions show a calculated attempt to sidestep this Court's authority, revive claims they admit are legally invalid, and manipulate procedural rules to gain tactical advantage. That is the opposite of good faith. Thus, this factor also strongly favors denial of the Motion.

### 3. <u>Plaintiffs' Delay is Unreasonable and Unjustified</u>

The *Pioneer* factor evaluating the length of the delay and its effect on the proceedings also weighs strongly against Plaintiffs. In assessing whether a delay amounts to excusable neglect, courts are not limited to the length of time between the deadline and the filing itself. They may also consider the delay in seeking relief from the consequences of that failure. *In Re Kmart Corp.,* 381 F.3d 709, 714 (7th Cir. 2004). Here, the delay was twofold: Plaintiffs missed the Court's April 15, 2025, deadline to file an amended complaint, and then waited an additional two weeks after judgment was entered on April 29, 2025, to file a three and a half page Rule 60(b) motion—despite being represented by two law firms and at least four attorneys. Moreover, based on the Court's schedule, this Motion will not even be heard until three months after the deadline that was set for Plaintiffs to file their amended complaint. As such, if the case were reopened, the case

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

1 schedule will need to be redone to accommodate the delay. This extended and unjustified delay
2 weighs heavily against a finding of excusable neglect.

3     There is no explanation—let alone a credible one—for why a team of experienced counsel
4 required two full weeks to draft and file a simple, barebones motion. The Motion includes no
5 novel legal issues, no new factual development, and no evidence that would justify this delay.
6 Courts expect diligence, particularly when a party seeks to set aside a final judgment. Plaintiffs'
7 delay instead reflects a lack of urgency and accountability that undermines their request for relief.

**4.  Reopening the Case Would Prejudice Defendants**

9     The first *Pioneer* factor—the danger of prejudice to the opposing party—also weighs
10 against granting Plaintiffs relief. Plaintiffs contend that "[p]rejudice under Rule 60(b) means more
11 than just continued litigation," implying that Defendants will face no harm from setting aside
12 judgment and continuing with litigation. But this argument entirely misses the mark. Defendants
13 are not claiming prejudice merely from the prospect of continued litigation. Rather, the prejudice
14 arises from Plaintiffs' wholly avoidable failure to comply with a court-ordered deadline, which
15 has resulted in unjustified and disruptive delay and would require a new case schedule to
16 accommodate the delay, as Defendants agreed to the case schedule assuming there would be no
17 such delay.

18     Plaintiffs were ordered to file an amended complaint by April 15, 2025. They did nothing.
19 They then waited two full weeks after judgment was entered before filing this motion. As a result,
20 a case that should have been moving forward in April is now effectively frozen until at least mid-
21 July, when the Motion will first be heard. That three-month delay is not incidental—it is a direct
22 consequence of Plaintiffs' disregard of a clear Court Order. This delay has disrupted the case's
23 trajectory and left Defendants in procedural limbo, unable to finalize litigation strategy or bring
24 resolution to matters that had been rightfully adjudicated.

25     Moreover, Defendants reasonably relied on the finality of the Court's judgment. After
26 Plaintiffs failed to amend as ordered, Defendants appropriately shifted legal and operational
27 resources away from this matter. Now, if the judgment is vacated, Defendants will be forced to
28 reactivate litigation efforts, revisit prior work product, and respond to revived claims that should

have been resolved. That disruption goes well beyond routine litigation burdens.

The prejudice also includes unnecessary business disruption that extends beyond financial cost. The unresolved nature of this case—centered around allegations that Defendants failed to disclose purportedly addictive properties of their kratom-based product—casts a continuing cloud over the company's ability to operate with legal and commercial certainty. Without a final disposition, Defendants face reputational uncertainty, regulatory risk, and operational hesitation in marketing, product labeling, and packaging decisions. These disruptions interfere with normal business planning and product development, impairing Defendants' ability to move forward with confidence while this litigation remains unresolved.

Additionally, the prejudice also includes unnecessary legal expenses. Defendants not only have had to incur significant time and expense to oppose this Motion, but Defendants will also incur significant fees preparing for renewed motion practice and possibly expanded discovery—all of which could have been prevented had Plaintiffs complied with a simple, unequivocal court order. The resulting litigation instability imposes a cost not only in dollars but in time, internal resource allocation, and business focus.

This is not a case of mere procedural oversight. Plaintiffs ignored a clear court order, caused months of unnecessary delay, and disrupted the orderly resolution of this litigation. Their actions have forced Defendants to remain entangled in a lawsuit they had every reason to believe was concluded, while simultaneously burdening them with renewed legal expenses, uncertainty, and reputational risk. The resulting prejudice is both real and significant. For these reasons, the first *Pioneer* factor also weighs heavily against setting aside the judgment.

### B.     Plaintiffs Misconstrue the Basis for Dismissal Under Rule 41(b)

Plaintiffs attempt to recast the Court's dismissal as one based on failure to prosecute, repeatedly pointing to their discovery efforts, mediation planning, and communications with defense counsel. Mot. 3:22-4:3. But this argument misses the mark entirely because the case was not dismissed because Plaintiffs were idle; it was dismissed because they violated a clear, court-imposed deadline. Rule 41(b) plainly authorizes dismissal for failure to comply with a court order—not only due to a failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2300
LOS ANGELES, CA 90067
310.229.9900

prosecute *or to comply with* . . . *a court order*, a defendant may move to dismiss the action or any claim against it.") (emphasis added). That is precisely what occurred here.

Defendants have never argued, and the Court never found, that Plaintiffs abandoned their claims. Instead, Defendants requested dismissal based on Plaintiffs' failure to comply with the Court's Order requiring that they amend the Complaint by April 15, 2025. The Court granted the Request because Plaintiffs failed to do the one thing they were explicitly ordered to do: file an amended complaint by April 15, 2025. Their procedural activity outside that obligation is irrelevant.

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion be denied.

Dated: May 27, 2025

VENABLE LLP

By:  */s/ Daniel S. Silverman*
　　　Daniel S. Silverman
　　　Amit Rana
　　　Bryan J. Weintrop
*Attorneys for Defendants* Thang Botanicals, Inc. and FTLS Holdings, LLC d/b/a 7ΩHMZ