UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. A., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THANG BOTANICALS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 24-cv-07029-TLT<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE JUDGMENT**<br><br>Re: Dkt. No. 40 |

　　　　Choices can reflect integrity or disingenuity. Although Plaintiffs could have prepared and filed an amended complaint within 90 minutes, Plaintiffs did not comply with the Court's order requiring amendment. Instead, Plaintiffs initiated a new case with a virtually identical complaint, did not seek to relate the two cases, did not file an administrative motion for more time, did not file a motion for leave to amend, and offered that other judges may disagree with this Court's prior ruling. The Court finds Plaintiffs' contradictory statements and actions to be inexcusable under Rule 60(b).

　　　　Pending before the Court is Plaintiffs' motion to set aside judgment pursuant to FRCP 60(b). ECF 40. Defendants filed a timely opposition on May 27, 2025. ECF 42. On June 3, 2025, Plaintiffs filed a timely reply. ECF 44. On July 15, 2025, the Court heard oral argument on Plaintiffs' motion.

　　　　Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **DENIES** Plaintiffs' motion to set aside judgment.

**I.　BACKGROUND**

　　　　The Court has set out the factual background of this case in its prior Order. ECF 35. The Court assumes the parties' familiarity with this case's factual background and only cites such

background to the extent it is necessary for this Order.

On March 28, 2025, the Court granted in part and denied in part Defendants' motion to dismiss and motion to strike class wide allegations (hereinafter, "March 28, 2025 Order"). ECF 35. The Court found that the complaint sufficiently alleged Plaintiffs' consumer protection claims to the extent the claims were based on the sufficiency of Defendants' disclaimer and website and failed to sufficiently allege Plaintiffs' breach of implied warranty and fraud by omission claims. *Id*. at 9–15. The Court also dismissed Plaintiffs' request for injunctive relief, California False Advertising Law claims, unjust enrichment claims, and nationwide claims because Plaintiffs either conceded or abandoned those claims in Plaintiffs' opposition. ECF 13–16. Out of an abundance of caution, the Court granted Plaintiffs leave to amend. ECF 16–17.

Regarding leave to amend, the March 28, 2025 Order stated:

> The Court finds that prejudice to Defendants would be minimal. After considering the remaining Rule 15 factors, and in an abundance of caution, the Court finds the presumption in favor of granting Plaintiffs leave to amend applies.
>
> Plaintiffs shall file an amended complaint consistent with this order no later than April 15, 2025. No new claims or parties may be added without the Court's prior approval. A failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

*Id.* at 16, 18.

Plaintiffs did not file an amended complaint by the April 15, 2025 deadline. Instead, on April 9, 2025, Plaintiffs initiated a new case against Defendants, alleging violation of Oregon's Unlawful Trade Practices Act, breach of implied warranty, unjust enrichment, and fraud by omission. *M.L. v. Thang Botanicals, et al*., No. 3:25-cv-03191-JSC (N.D. Cal.), ECF 1.

On April 29, 2025, the Court granted Defendants' Request for Entry of Order of Final Dismissal with Prejudice Pursuant to FRCP 41(b). ECF 39. On May 13, 2025, Plaintiffs filed a motion to set aside judgment. ECF 40. On May 27, 2025, Defendants filed a timely reply. ECF 42. On June 3, 2025, Plaintiffs filed a timely reply. ECF 44. The Court heard oral argument on July 15, 2025.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ;
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

## III. DISCUSSION

During oral argument, the parties conceded that Rule 60(b)(1)'s standard for excusable neglect governs Plaintiffs' motion.

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently gained knowledge that corrects the erroneous legal advice of counsel." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).

### A. The Danger of Prejudice to Defendants is Minimal

Plaintiffs argue that Defendant will suffer no cognizable prejudice if the case re-opened. ECF 40 at 4–5. Defendants argue that they suffer prejudice from Plaintiffs' failure to comply with Court orders and from having to reactivate litigation. ECF 42 at 12–13.

The Court finds that prejudice to Defendants would be minimal. "'Prejudice requires greater harm than simply that relief would delay resolution of the case' or would force the nonmoving party to litigate the case on the merits." *Chow v. Berryhill*, No. 17-cv-4997, 2018 WL 1335995, at *3 (N.D. Cal. Mar. 15. 2018) (quoting *Lemoge v. United States*, 587 F.3d 1188,

3

1196(9th Cir. 2009)). "[L]osing a quick victory is insufficient prejudice to justify denying a Rule 60(b)(1) motion." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir.2000).

Accordingly, the danger of prejudice factor weighs in favor of granting Plaintiffs' motion.

### B. The Length of Delay Factor Weighs in Favor of Granting Plaintiffs' Motion

Plaintiffs argue that the length of delay is minimal because Plaintiffs filed their instant motion 14 days after the Court's entry of judgment. ECF 40 at 4. Defendants argue that Plaintiffs' motion will result in almost a three-month delay in the proceedings. ECF 42 at 11–12.

Here, the delay resulting from the Court's entry of judgment and the filing of Plaintiffs' instant motion is fourteen days. *Compare* ECF 39 (Order Granting Request for Entry of Order of Final Dismissal with Prejudice filed April 29, 2025) *with* ECF 40 (Plaintiffs' motion to set aside judgment filed May 13, 2025). When combined with the delay from the parties' briefing schedule on Plaintiffs' motion, including the time needed for the Court's review, the total delay from Plaintiffs' failure to file an amended complaint is approximately two months and a half months.

The Court finds that the delay factor weighs in favor of granting Plaintiffs' motion. *See Hajro v. East Bay Municipal Utility District*, No. 19-cv-3406, 2020 WL 5232559, at *2 (N.D. Cal. 2020) ("[T]he total delay in the matter – from the Court's dismissal of this case to the filing of the instant motion – is approximately ten months. While this is not an insignificant amount of time, the Court finds that this delay should have minimal impact on the proceedings . . ."). However, this factor alone does not justify a finding of excusable neglect under Rule 60(b). The Court must still weigh the remaining two factors: the reason for the delay and whether Plaintiffs acted in good faith.

### C. Plaintiffs' Reason for Failing to File an Amended Complaint is Neither Reasonable Not Excusable

Plaintiffs argue that their failure to file an amended complaint was caused by a "sincere and reasonable reading of the March 28, 2025 Order." ECF 40 at 2. Plaintiffs interpreted the March 28, 2025 Order as to only apply to the dismissed claims. *Id.* at 3. Plaintiffs also argue that the Court's case management order set a separate May 13, 2025 deadline for the deadline to file an amended complaint. *Id.* Defendants argue that Plaintiffs admit to consciously electing to not

4

comply with the Court's Order. ECF 40 at 6–8.

The Court is unpersuaded by Plaintiffs' proffered reasons for failing to file an amended complaint. The March 28, 2025 order explicitly stated: "Plaintiffs shall file an amended complaint consistent with this order no later than April 15, 2025. No new claims or parties may be added without the Court's prior approval. A failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b)." ECF 35 at 18. The Court's use of "shall" was unambiguous. *See Tagoia v. Wells Fargo Bank, N.A.*, No. 17-cv-6777, 2019 WL 118578, at *3 (N.D. Cal. Jan. 7, 2019) ("[T]he Court's requirements were unambiguous. Counsel's refusal to comply cannot be deemed anything other than intentional."). Plaintiffs were required to file an amended complaint. Indeed, "'[s]hall' means 'must.'" *Bufkin v. Collins*, 145 S.Ct. 728, 737 (Mar. 5, 2025).

The Court is also unpersuaded by Plaintiffs' argument that the Court's Case Management Order justifies Plaintiffs' failure to file an amended complaint. The Case Management Order, filed on January 29, 2025, preceded the Court's March 28, 2025 Order. *See* ECF 30. Regardless of the Case Management Order, the March 28, 2025 Order explicitly required amendment. *Cf. Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's *ultimatum*—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

Accordingly, the Court finds that Plaintiffs' careless reading of the Court's March 28, 2025 Order does not weigh in favor of granting Plaintiffs' motion. Although a Rule 24 interpleader motion was not an option for Plaintiffs because Plaintiffs' counsel is the same in both the instant case, the newly filed *M.L. v. Thang Botanicals* case, and pending state court case, Plaintiffs still had the option of either seeking leave to amend to add the *M.L. v. Thang Botanicals* Oregon plaintiff or filing an administrative motion seeking more time to file. Neither option was exercised. "Ignorance and carelessness do not qualify for Rule 60(b)(1) relief." *Dong v. Carson*, 775 F. App'x. 843, 844 (9th Cir. Aug. 22, 2019); *see also Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."); *Reynolds v. Lomas*, 554 F.

5

App'x 548, 549 (9th Cir. 2014) ("Errors resulting from a lawyer's ignorance, carelessness, or intentional misconduct are not the sort of 'mistakes' envisioned by Rule 60(b)(1), but are 'more appropriately addressed through malpractice claims.'") (quoting *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir.2006)).

### D. Plaintiffs' Attempt to Judge Shop and Interfere with the Legal Process do not Demonstrate that Plaintiffs' Actions Were Taken in Good Faith

Plaintiffs argue that they have taken actions demonstrating that they are not abandoning their case, including serving initial discovery, scheduling a mediation, and noticing a Rule 30(b)(1) deposition. ECF 40 at 3–4. Defendants argue that Plaintiffs' filing of a nearly identical complaint in *M.A. et al. v. Thang Botanicals, Inc. et al.*, Case No. 3:25-cv-03191 (N.D. Cal. Apr. 9, 2025) constitutes judge shopping and demonstrates Plaintiffs' bad faith. ECF 42 at 10.

The Court finds that Plaintiffs have not offered a credible, good faith explanation for their failure to comply with the March 28, 2025 Order. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (affirming denial of Rule 60(b) motion where movant "[gave] no 'credible, good faith explanation' for its apparent bad faith 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'").

First, Plaintiffs' actions imply impermissible judge-shopping. *See LegalFOrce, Inc. v. Legalzoom.com, Inc.*, 2018 WL 6179319, at *4 (C.D. Cal. Nov. 27, 2018) (finding plaintiff's refiling of claims after unfavorable rulings to indicate judge-shopping). After the March 28, 2025 Order, Plaintiffs initiated a new case with virtually the same complaint with a new Oregon plaintiff on April 9, 2025—well before this Court's April 15, 2025 amended complaint deadline. *See M.L. v. Thang Botanicals, et al.*, 25-cv-03191-JSC (ECF 1, filed April 9, 2025). Although Plaintiffs argue that they had to file a new case because of Oregon's one-year statute of limitations for consumer protection claims, the *M.L. v. Thang Botanicals* complaint alleges that the Oregon plaintiff discovered his addition in July 2024. See *id.* ¶ 69; *see also M.L. v. Thang Botanicals, et al.*, 25-cv-03191-JSC, ECF 16 (FAC) ¶ 69. Given that it is July 2025, and as Defendants conceded during oral argument, the Oregon Plaintiff would not have been barred by the statute of

1  limitations. *See* Or. Rev. Stat. § 646.638(6) ("Actions brought under this section must be

2  commenced within one year after the discovery of the unlawful method, act or practice."). The

3  Court's March 28, 2025 Order also did not preclude Plaintiffs from seeking leave to amend to add

4  the Oregon plaintiff. The March 28, 2025 Order stated: "Plaintiffs shall file an amended

5  complaint consistent with this order no later than April 15, 2025. No new claims or parties may

6  be added *without the Court's prior approval*." ECF 35 at 18 (emphasis added). Plaintiffs could

7  have filed a motion for leave to amend, but they did not. Nor did Plaintiffs file any administrative

8  motion requesting additional time or seek to relate the *M.L. v. Thang Botanicals* case to the instant

9  matter.

10    Second, Plaintiffs' statements also provide a strong inference of judge-shopping.

11  Plaintiffs' reply brief stated: "quite frankly, there are reasonable differences of opinion between

12  judges in this Circuit regarding the claims dismissed by the Court in substantially similar kratom

13  cases. In other words, the claims this Court dismiss have withstood dismissal before federal and

14  state judges in other kratom and 7-OH class cases . . . . Judges may disagree." ECF 44 at 1–2.

15  Moreover, during oral argument, Plaintiffs' counsel attempted to paint this Court as having a

16  "preference" against nationwide claims regarding unjust enrichment claims and consumer

17  protection claims. However, the Court's March 28, 2025 Order dismissed Plaintiffs' nationwide

18  claims because Plaintiffs **conceded** their nationwide claims in Plaintiffs' opposition to

19  Defendants' motion to dismiss. Indeed, Plaintiffs' opposition stated: "Plaintiffs further agree to

20  limit their other nationwide claims (Counts Six, Seven, and Eight) to the States of California,

21  Oregon, and Nevada)." ECF 32 at 5, n.3; *see also* i*d*. at 19, n.7 ("Given that Plaintiffs concede

22  their nationwide claims . . ."). Plaintiffs similarly **did not oppose** Defendants' motion to dismiss

23  Plaintiffs' unjust enrichment claim, **conceded** that their consumer protection claims are not based

24  on third-party representations, and **conceded** their FAL claims. *See* ECF 35 at 14; ECF 32 at 5

25  n.3; ECF 32 at 18–19. Overall, the dismissed allegations fell short under Rule 12(b)'s standard

26  and were dismissed with leave to amend. Plaintiffs failed to comply with the Court's order.

27  Plaintiffs' contradictory statements do not imply good faith.

28    Third, the record indicates that Plaintiffs' could have amended their complaint, but chose

1    not to.  During oral argument, Plaintiffs stated that they could have prepared and filed an amended
2    complaint in 90 minutes.  Plaintiffs' opposition to Defendants' motion to dismiss also repeatedly
3    offered to amend the complaint.  *See* ECF 32 at 5, n.3 ("Plaintiffs will happily amend the
4    Complaint on this limited issue, if the Court deems fit."); 19, n.7 ("Given that Plaintiffs concede
5    their nationwide claims, see supra n.5, if necessary, Plaintiffs would ask the Court for leave to
6    amend their common law claims to state that they are expressly limited to California, Oregon, and
7    Nevada consumers and thus the respective laws of those states."); 21 ("Plaintiffs respectfully
8    request leave to amend to address any curable deficiencies the Court may identify, including
9    alleging the common law claims specifically on behalf of California, Oregon, and Nevada
10   Classes.").  Thus, although Plaintiffs request that the Court grant their motion given the nature of
11   Plaintiffs' claims, the Court must consider that, "parties should be bound by and accountable for
12   the deliberate actions of themselves and their chosen counsel. This includes not only an innocent,
13   albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such
14   mistakes are more appropriately addressed through malpractice claims." *Latshaw v. Trainer*
15   *Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).
16           Therefore, the Court finds Plaintiffs' willful actions contradictory and not in good faith.
17   *See Valdez v. United Airlines, Inc.*, No. 23-cv-3857, 2023 WL 7029648, at *3 (CD Cal. Sept. 22,
18   2023) ("The Court concludes that Plaintiff's claimed mistakes are disingenuous and are nothing
19   more than a failed attempt to manufacture an excuse to make additional arguments that were
20   obvious and plainly available to Plaintiff at the time he filed his Opposition.").  The inference that
21   Plaintiffs acted in bad faith weigh in favor of denying Plaintiffs' motion.  *See Warkentin v.*
22   *Federated Life In*s. Co., No. 10-cv-221, 2015 WL 1729797, at *5 (E.D. Cal. Apr. 15, 2015)
23   ("There is at least an inference that the delay in filing the opposition was for the purpose of
24   gaining a strategic advantage during the hearing as Defendant was unprepared to address any
25   issues raised in Plaintiff's opposition . . . Accordingly, this factor weighs against finding excusable
26   neglect."); *ACFM, Inc v. Elite Global Farming Logistics, Inc.,* No. 11-cv-4677, 2013 WL
27   1333787, at *5 (N.D. Cal. Mar. 29, 2013) (finding contradictions in movant's representations
28   suggest bad faith conduct)

8

\* \* \*

After considering the danger of prejudice to Defendants, the length of Plaintiffs' delay and its impact, Plaintiffs' reasons, whether Plaintiffs acted in good faith, and all other relevant circumstances surrounding Plaintiffs' failure to file an amended complaint, the Court finds that Plaintiffs' failure was not excusable. Although the danger of prejudice and length of delay factors weigh in favor of granting Plaintiffs' motion, those two factors are outweighed by Plaintiffs' unreasonable, inexcusable reason for failing to comply and Plaintiffs' actions depicting bad faith. *See Minacs v. Park*, No. 24-cv-42, 2025 WL 107863, at \*2 (N.D. Cal. Jan. 15, 2025) ("The determination as to whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'") (citing *Jacobsen v. California*, No. 14-cv-00108, 2016 WL 7616705, at \*7 (E.D. Cal. Dec. 29, 2016)); Fed. R. Civ. Pro. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to set aside judgment pursuant to FRCP 60(b). After considering the totality of the circumstances, the Court finds that Plaintiffs' failure to file an amended complaint was not excusable neglect. Plaintiffs' reason for failing to comply with this Court's order was inexcusable and the circumstances do not indicate that Plaintiffs' actions were taken in good faith.

This order resolves ECF 40.

IT IS SO ORDERED.

Dated: July 16, 2025

TRINA L. THOMPSON
United States District Judge